237 F.2d 359
 16 P.U.R.3d 191
 Ida Mae HERMANN, Irving E. Hermann, Robert M. Smith, M. B.
Scott, Harold Shein, H. C. Richards, George
Patterson, Leonard Rosen, Orville Kelman
and Captain G. D. Thompson, Appellants,
v.
CIVIL AERONAUTICS BOARD, Appellee.
 No. 14778.
 United States Court of Appeals Ninth Circuit.
 Aug. 2, 1956.
 
 Keatinge, Arnold & Older, Roland E. Ginsburg, Los Angeles, Cal., for appellants.
 Laughlin E. Waters, U.S. Atty., Max F. Deutz, Andrew J. Weisz, Asst. U.S. Attys., Los Angeles, Cal., Stanley N. Barnes, Asst. Atty. Gen., Earl E. Pollock, Atty., Dept. of Justice, Washington, D.C., Robert L. Griffith and Robert Burstein, Civil Aeronautics Board, Washington, D.C., for appellee.
 Before STEPHENS, FEE and CHAMBERS, Circuit Judges.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 This case is related to the enforcement of ten administrative subpoenas duces tecum served upon appellants in the course of a proceeding pending before a hearing examiner of the Civil Aeronautics Board.[1] The period covered by the documents required under most of the subpoenas is thirty-eight months. The individual subpoenas are comprehensive of practically all records, books and documents of or concerning the companies engaged in Docket No. 6908. The recipients of the subpoenas here in question are officers or employees of the respondent companies in Docket No. 6908 for the most part. The remaining are independent contractors who perform accounting or advertising functions for some of these companies. The hearing examiner in the administrative proceeding ordered appellants to produce all of the documents called for in each of the subpoenas at his office in Los Angeles on a day certain. The objections of appellants and the respondents in Docket No. 6908 were overruled. Upon review, the action of the examiner was affirmed by the Civil Aeronautics Board. Thereupon, after appellants had failed to produce the documents, the Board brought this case in the District Court by filing a petition to enforce the administrative subpoenas under 1004(d) of the Civil Aeronautics Act of 1938, as amended. 49 U.S.C.A. 644(d).[2]
 
 
 2
 An order to show cause, directed to appellants, was issued by the District Court. Appellants filed a return to the order and an answer to the petition, setting up that the subpoenas are 'oppressive and unreasonable, and constitute an unreasonable search and seizure' and a 'general fishing expedition of the affairs of the parties named in the said subpoenas,' and further stated 'that compliance with the said subpoenas would unduly and unreasonably hamper and interfere with the business conducted by the companies named in the said subpoenas.' It is further alleged 'the documents sought in the said subpoenas are not material to the issues in the proceeding known as Docket No. 6908.' It was also claimed that 'the said subpoenas call for the production of books, papers, records and documents which relate solely to the personal, financial and business affairs of respondents Ida Mae Hermann, Irving E. Hermann, Robert M. Smith and Leonard I. Rosen, which said documents are irrelevant and immaterial to the proceeding known as Docket No. 6908.'
 
 
 3
 A hearing was held by the District Court in April, 1955, entirely upon affidavits filed by the respective parties. The District Court, after limiting counsel for appellants and the Board to statements of their respective positions, issued an order on April 7, 1955, staying temporarily the enforcement of the subpoenas and continuing the cause to a day certain upon condition that appellants permit inspection and copying of the documents sought in the subpoenas of certain of appellants, excepting only the personal income tax returns called for in the subpoenas served upon appellants, Ida Mae Hermann, Irving E. Hermann and Robert M. Smith. In accordance with this order, six employees and agents of the Board were permitted to inspect and copy certain documents called for in the subpoenas during the period between April 7 and April 15, 1955. The hearing was resumed before the District Court on April 18, 1955, at which time there were presented affidavits which purported to show that appellants had not complied with the inspection order of the District Court. Thereupon, without further notice or argument on the merits, the District Court ordered all of the subpoenas enforced exactly as written, excepting, however, the subpoena upon which the Board did not insist. Upon rehearing, the trial court issued a final order enforcing subpoenas requiring appellants to appear before the hearing examiner and produce all the documents sought in the subpoenas commencing May 31 through June 14, 1955. This order was stayed pending appeal. It seems to be conceded that there was no showing of relevancy or materiality of the documents sought in the administrative subpoenas at any time during the hearings. There was no showing that the Board did not have on file itself the documents sought therein, and there was no showing that appellants were in possession of the documents sought or that they had control of them. The position of the Board was that the enforcement proceedings, Docket No. 6908, were such that each and all of these documents might be relevant or material thereto. In the memorandum for the order, the court made no findings that any of the documents were material or relevant to the proceedings before the Board, and took no position upon the question of whether or not some of them might be documents relating entirely to the personal affairs of some of appellants. The only basis for the order enforcement is entitled 'Memorandum for Order,' which says in part:
 
 
 4
 'In laying the subpoenas alongside the charges in the Complaint, this Court cannot say that any of the documents or things called for in any of the subpoenas are immaterial or irrelevant to the proceedings before the Board, without an examination of all of the documents and things themselves, which this Court is not called upon to do at this stage of the proceedings.'
 
 
 5
 The court also apparently ruled that, by spacing the subpoenas, two on May 31, one on June 1, two on June 2, and one each on June 6, 7, 9 and 14, the demands upon appellants would not be burdensome or oppressive.
 
 
 6
 The Civil Aeronautics Board is given broad powers of subpoena of individuals for the purpose of testifying to the matters which are before them. 49 U.S.C.A. 644(a) et seq. Obviously, it will be assumed that these matters will not be irrelevant to the proceeding. The Board is also given an extremely comprehensive power of inspection of all of the documents, books and papers in the office of any of the corporations or individuals operating under the control of the Board. 49 U.S.C.A. 487(e). In order to prevent their action from being arbitrary and oppressive, the Board should call the individuals and take testimony as to the existence and custody of the documents. Materiality and relevancy to the issues before the Board can be established in this method without the necessity of bringing truck loads of records to the hearing officer. Likewise, by the power of inspection, all the documents can be gone over, photographed and copied without regard to materiality and relevance. It is obvious that, if after these inspections the Board finds that the existence of other documents relevant and material to the issue is probable or that they are being concealed, then again a witness can be called and examined regarding these features, but the subpoenas thereafter issued should not designate all the documents in the class, but only those which the Board has found are in the possession or under the control of the persons to whom directed and which are relevant and material to the issue. It is well settled that, when a petition for the enforcement of an administrative proceeding is filed in a federal court, it initiates a case or controversy under the Constitution.[3] In order to have the subpoena enforced, the issue as to whether each of the documents subpoenaed is relevant and material is a judicial question which must be passed upon by the court. There are no presumptions that the administrative agency or the hearing officer has subpoenaed only those documents which are relevant and material. These are questions which are judicial and to which the expert facility of the administrative body obviously does not apply. When the trial court said that, comparing the allegations of the complaint with the demands of the subpoenas, he could not say that any of the documents were irrelevant or immaterial to the proceedings, he failed to pass upon the judicial question presented to him in the case.
 
 
 7
 The other suggestion made by the trial court, that he was not required to consider relevance and materiality at this stage of the proceedings, seems likewise to have been based upon a misconception. The court had no other case or controversy before it except the one which related to the question of whether the documents should or should not be produced. This is entirely unlike a civil case in court between two adversary parties, one of whom under the rules of the court has had a subpoena duces tecum issued to the other. Even in such a proceeding, upon proper objection the court will hold that the subpoena is too comprehensive or that various of the documents sought are irrelevant and immaterial. In a proceeding where a grand jury has subpoenaed records, the court likewise will, upon objection, prevent oppression and require that only material and relevant documents be demanded.
 
 
 8
 These points were specifically raised before the trial court and are insisted upon in this appeal. There are two phases to the problem before us. First, the objection of the entities and individuals directly under the control of the Board whose records are subject to public inspection. As to these, the showing as to materiality and relevancy might not necessarily be as comprehensive as that required in other cases. The Board, we conceive, should have considerable leeway in order not to hamper its functions, which are highly important in the structure of government. But, on the other hand, the court should not be required to rubberstamp with approval the administrative subpoenas. Such an action would constitute the Board the final judges of the materiality and relevancy of each document subpoenaed. It is hornbook law that they have no such authority or function.[4] Likewise, a distinction must be drawn between an adverse enforcement proceeding and an administrative investigatory proceeding. The lines are much more sharply drawn in the former than in the latter.
 
 
 9
 The other phase of the subpoenas before us is the demand on private parties that they produce documents which they claim relate entirely to their personal affairs, such as their income tax reports. It may well be that the court, upon hearing and taking testimony, would find that such a claim was deceptive and illusory. But the court should protect the privacy of the individuals as against the encroachment of administrative bodies. Therefore, there were questions of fact here raised as far as these individuals were concerned upon which the court was bound to give consideration and to rule positively with findings of fact.
 
 
 10
 The trial court sensed that the power of inspection gave the administrative bodies a tremendous opportunity to discover what relevant documents were in the file and what they suspected had been withheld. An inspection under the supervision of the court was ordered. This was extremely fair and, if it had been pursued for a sufficient length of time, would have permitted the Board to issue subpoenas for the exact documents which they wished. The taking of testimony of the interested parties was not precluded thereby. If this process had been continued to its logical end, the Board could have limited the subpoenas to documents which everyone would have recognized to be relevant and material and could then have proceeded to obtain those which were withheld, if any. Since the court proceeded along the proper lines in the first instance, all difficulties will now be removed by passing upon the questions of whether individual documents in the possession of the persons to whom the subpoena is directed have been sufficiently defined and described, as to whether each is material and relevant, whether the demand is oppressive and unreasonable, and as to whether the privacy of third persons has been invaded. If required by the circumstances, the individual documents should be inspected by the judge in court to pass upon these questions. The procedure is judicial, and protection can be furnished in no other way.
 
 
 11
 Remanded.
 
 
 
 [1]
 This is an enforcement preceeding brought by the Compliance Section of the Board, entitled 'In the Matter of Great Lakes Airlines, Inc., et al., Docket No. 6908.'
 
 
 [2]
 'Any court of the United States within the jurisdiction of which an inquiry is carried on may, in case of contumacy or refusal to obey a subpena issued to any person, issue an order requiring such person to appear before the Board (and produce books, papers, or documents if so ordered) and give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.' 49 U.S.C.A. 644(d)
 
 
 [3]
 Interstate Commerce Commission v. Brimson, 154 U.S. 447, 489, 14 S.Ct. 1125, 38 L.Ed. 1047
 
 
 [4]
 Martin v. Chandis Securities Co., D.C., 33 F.Supp. 478, 480, affirmed 9 Cir., 128 F.2d 731