**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George H. ALEWELT, Jr., Defendant-Appellant.**

No. 75–1565.

United States Court of Appeals, Seventh Circuit.

April 8, 1976.

Michael J. Costello, Springfield, Ill., for defendant-appellant.

Donald B. Makay, U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before TONE and BAUER, Circuit Judges, and HOFFMAN, Senior District Judge.*

JULIUS J. HOFFMAN, Senior District Judge.

This is an appeal from a judgment of conviction for bank robbery and assault, in violation of 18 U.S.C. § 2113(d). At issue is the defendant's standing to challenge the legality of a search and seizure, the validity of a subpoena duces tecum issued by a federal grand jury, and the sufficiency of the evidence introduced at trial.

On November 26, 1974, agents of the FBI received information that a man fitting the description of the defendant, and wearing a brown leather Air Force-type jacket, white cloth cap and metal framed, reflective sunglasses, entered the First State Bank of Springfield, Illinois, pushed a teller to the floor, and fled with $1150.00 in cash. Following a preliminary investigation at the bank, the FBI proceeded to interview the defendant, and his mother, who was employed by the Illinois Department of Public Health, and whose office was located near the scene of the robbery, on the second floor of the same office building in which the FBI had its office.

Mrs. Alewelt was questioned about a pair of sunglasses in her possession which presumably belonged to her son, and were similar to those worn by the robber. When she refused to surrender the sunglasses to the FBI she was served with a subpoena duces tecum by a federal grand jury commanding their production. After Mrs. Alewelt's appearance before the grand jury, where she testified that on the day of the robbery her son had given her the sunglasses, in her office, the government took possession of the sunglasses.

Also on the day of the robbery, at about 5:30 p.m., FBI agents returned to the office

---

* Senior District Judge Julius J. Hoffman of the Northern District of Illinois is sitting by designation.

of the Illinois Department of Public Health. The door was standing open, as was the door of the office across the hall, and the lights were on. The Department of Public Health office consisted of a large open area with numerous desks and partitioned offices around the outer perimeter. One of the agents testified that the janitor was present and said it would be "all right" to enter the office and search the trash in the area occupied by defendant's mother. Just inside the open door was a coat rack, which could be observed from the doorway, without actually "going past" the doorway, as one of the agents put it. The agents did not in fact observe it, however, until they had entered the office. They walked through the open door and after entering saw on the coat rack a brown leather Air Force-type jacket. In the jacket pocket, and apparently clearly visible, were a white cloth cap and several bundles of money in wrappers. Without removing the contents of the pocket, an agent took possession of the jacket and brought it to the FBI office.

George H. Alewelt, Jr. was subsequently indicted for the bank robbery. On February 19, 1975, he moved to suppress the brown leather jacket, all the items contained therein, and the sunglasses, urging the illegality of the search of his mother's office and the seizure of the jacket, as well as the invalidity of the subpoena duces tecum issued by the grand jury which ordered the production of the sunglasses.

The district court denied the motion, stating that although the entry by the FBI agents into the State offices constituted a trespass, the defendant lacked standing to challenge the search because his action with respect to the jacket indicated, if not an abandonment of it, at least a relinquishment of any reasonable expectation of privacy and security in regard to it. The court also stated, without explanation, that defendant's objection to the grand jury subpoena of the sunglasses was without merit.

I.

To establish "standing" to challenge the legality of a search and seizure on Fourth

Amendment grounds, a defendant has traditionally been required to demonstrate ownership or possession of the seized property, or a substantial interest in the premises searched. See, e.g., Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). But recognizing that the application of such requirements would subject a defendant to the risk that his testimony in support of a motion to suppress evidence might thereafter be used against him at trial, the Court has allowed an accused to assert a Fourth Amendment claim if possession of the evidence seized was itself an essential element of the offense with which he was charged, or if the defendant was legitimately on the premises when the search occurred. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Jones v. United States, supra.

But unlike either Jones or Simmons, the facts before us do not present the threat of self-incrimination or prosecutorial self-contradiction which prompted the Court to afford an accused "automatic" standing. Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). Here, defendant was not on the premises when the offices of the Illinois Department of Public Health were searched, nor was he charged with a possessory offense.

The defendant's possessions were, however, the object of the search, and this would appear to give him standing under United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). Compare United States v. Lisk, 522 F.2d 228 (7th Cir. 1975). Although the Court said in Alderman v. United States, 394 U.S. 165, 171-172, 89 S.Ct. 961, 965-966, 22 L.Ed.2d 176, 185-186 (1969), that only "those whose rights were violated by the search itself" may urge suppression of the fruits of the search, Jeffers has not been overruled. Whether it has been eroded by Alderman, is for the Supreme Court to say. Accordingly, we assume the defendant here has standing, since his possessions were the target of the search.

■ Standing to raise a Fourth Amendment claim does not, however, automatically assure success on the merits. *Alderman v. United States, supra*, 394 U.S. at 190, n. 2, 89 S.Ct. at 975, 22 L.Ed.2d at 196 (Harlan J., concurring in part and dissenting in part, cited *Lisk, supra*, 522 F.2d at 230). Application of the Fourth Amendment protection from unreasonable searches and seizures contemplates, in addition, a violation of an individual's reasonable expectation of privacy. *Alderman v. United States, supra*. And while the assertion of a possessory interest may under some circumstances be indicative of such an expectation, *United States v. Hunt*, 505 F.2d 931 (5th Cir. 1974), *cert. denied*, 421 U.S. 975, 95 S.Ct. 1974, 44 L.Ed.2d 466 (1975), we agree with the district court that by placing the jacket on a coat rack in the general working area of an outer office where he had no possessory interest, the defendant relinquished that degree of control, and reasonable expectation of privacy, necessary to sustain a challenge to the legality of the subsequent search and seizure on Fourth Amendment grounds. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). He knew that during business hours the office was occupied by numerous state employees and any member of the public could lawfully enter it. While he may not have known that after business hours the door to the office would be left open and the lights left on, he had no reason to expect otherwise. He knew or should have known that the coat rack was so placed that a person in the public hall could see the jacket through the open doorway without actually entering the room. "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States, supra*, 389 U.S. at 351, 88 S.Ct. at 511, 19 L.Ed.2d at 582. The agents' limited intrusion into the office with the janitor's consent, while it may have been a technical trespass against the State of Illinois, did not violate any interest of defendant that was subject to the protection of the Fourth Amendment. *Cf. United States v. Hanahan*, 442 F.2d 649, 653–654 (7th Cir. 1971); *United States v. Conner*, 478 F.2d 1320, 1323 (7th Cir. 1973); see also *United States v. Polk*, 433 F.2d 644, 647 n. 1 (5th Cir. 1970).

## II.

■ The authority of a grand jury to inquire into violations of criminal law through the use of subpoenas duces tecum is necessarily broad, *United States v. Reno*, 522 F.2d 572 (10th Cir. 1975); see also *Blair v. United States*, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919), and is generally limited only by the requirement that the evidence to be produced cover a reasonable period of time, is relevant to the investigation, and is identified with reasonable particularity. *United States v. Gurule*, 437 F.2d 239 (10th Cir. 1970), *cert. denied*, 403 U.S. 904, 91 S.Ct. 2202, 29 L.Ed.2d 679 (1971).

■ The subpoena at issue called for the production of a "pair of green tinted sunglasses having thin metal frames and contained in a brown glass case" that were similar to those worn by the robber. We are of the opinion that this description, and the relevance of the sunglasses to the investigation, satisfy the requirements of the Fourth Amendment.

## III.

■ Finally, after reviewing the record in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Keefer*, 464 F.2d 1385 (7th Cir. 1972); we conclude that the eyewitness identification of the defendant together with the circumstantial evidence relating to the items seized during the search were sufficient to establish the essential elements of the robbery with which defendant was charged. Moreover, the conduct of the defendant in pushing the teller to the floor demonstrated the wilful attempt to inflict injury necessary to establish the commission of an assault. See generally, *United States v. Bell*, 505 F.2d 539 (7th Cir. 1974).

Accordingly, the judgment of the district court is AFFIRMED.