## In re 1980 UNITED STATES GRAND JURY SUBPOENA DUCES TECUM.

### Misc. No. 496.

United States District Court,
E. D. Louisiana.

Dec. 5, 1980.

577

Fredericka L. Homberg, Asst. U.S. Atty., New Orleans, La., for United States.

Ivan L. R. Lemelle, Asst. Atty. Gen., New Orleans, La., for State of Louisiana.

CHARLES SCHWARTZ, Jr., District Judge.

This matter arises on the motion of the state of Louisiana to quash the subpoena

duces tecum issued by the United States directing Hunter O. Wagner, Jr., Louisiana's commissioner of financial institutions, to produce "any and all records pertaining to applications for charter by any groups for the establishment of a banking institution in Plaquemine Parish, Louisiana."

The state moves to quash this subpoena duces tecum on four separate grounds. These are:

1) the subpoena is unreasonable and oppressive;

2) there has been no showing that the subpoenaed records are relevant to a legitimate ongoing grand jury investigation;

3) the United States gave no notice of the subpoena to charter applicants or chartered banks; and

4) Section 44:4 of the Louisiana Revised Statutes prohibits the commissioner from releasing the requested material because it is specifically excluded from the realm of "public records"; should the commissioner comply with the subpoena, he would subject himself to potential criminal and civil liability.

■ As to the first of the offered grounds for quashing, the Court bears in mind the permissible and indeed necessary breadth allowed to grand juries in their investigative work. *United States v. Nixon*, 418 U.S. 683, 709–710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1976); *Branzburg v. Hayes*, 408 U.S. 665, 700, 92 S.Ct. 2646, 2666, 33 L.Ed.2d 626 (1972). The Court of Appeals for the Tenth Circuit has suggested a three-pronged test for analyzing claims of overbreadth of subpoenas. Their criteria are:

1) The subpoena may command only the production of things relevant to the investigation of the thing being pursued.

2) Specification of things to be produced must be made with reasonable particularity.

3) Production of records covering only a reasonable period of time may be required.

*United States v. Gurule*, 437 F.2d 239 (10th Cir. 1970); *Matter of Berry*, 521 F.2d 179 (10th Cir. 1975). We find these criteria to be reasonable guidelines for the issues presented here.

■ Counsel for the commissioner acknowledged that the requested materials existed in some relatively discrete condition. In its brief opposing the state's motion to quash, the United States notes that it has received information that no more than five applications were received in the ten year period from 1970 to 1980. Assuming that this is the case, the subpoena could hardly be called oppressive. On the other hand, given the Assistant United States Attorney's statement at argument that it is the applications received during that ten year time period in which the United States is interested, the United States should have so constructed the subpoena initially in order to avoid forcing the commissioner to search through decades of unneeded and unwanted records. With this agreed–upon modification, the Court does not find the subpoena to be either oppressive or unreasonable.

■ As to the second reason assigned for quashing the subpoena, the United States has responded that the materials are needed for an ongoing grand jury investigation. There is no requirement that the United States at this time specify which statutes may have been violated by whom. *Blair v. United States*, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919); *In re Morgan*, 377 F.Supp. 281 (S.D.N.Y.1974). It is of course axiomatic that grand jury proceedings are secret. In order to satisfy itself as to the existence and legitimacy of an ongoing grand jury investigation to which the documents at issue here are relevant, the Court ordered the Assistant United States Attorney to appear at an *ex parte, in camera* hearing to establish a proper basis for the subpoena. She did so, and the Court is convinced of the legitimacy of the current investigation and the relevance of the subpoenaed material to it. The procedure adopted by the Court was specifically approved by the Tenth Circuit in *In re September 1975*

*Grand Jury Term*, 535 F.2d 734 (10th Cir. 1976).[1]

The commissioner argues that the United States failed to comply with statutory requirements to give notice to parties, records of whose dealings are maintained in files in his office, that such records were being sought and thereby failed to give them opportunity to assert any privilege which would prohibit the dissemination of the documents. Upon careful reading of the statutes the implication of which is argued by the commissioner, however, the Court is convinced that there is no state or federal law which in any sense precludes the commissioner with complying with the subpoena request.

■ Section 3571 of Title 9 of the Louisiana Revised Statutes provides that banks and other offerors of credit are not to release information relating to credit transactions except through a process by which those whose records are sought are notified and given opportunity to contest such release. Subsection (E) of Section 3571, however, specifically exempts from the provision of the Section "any request by a law enforcement agency for information sought in connection with an investigation of any alleged crime other than an investigation into a crime which constitutes a violation of federal, state, or municipal tax law." Thus, Section 3571 provides no leg on which the commissioner may stand in moving to quash the subpoena. In the current situation there is no apparent requirement of notice to any party whose *application* records are being sought; such documents could hardly by the furthest leap of the imagination be considered "credit records." Even if there were such a general requirement of notice here, the statute itself waives it in this grand jury situation.

■ Similarly, the federal Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq.*, requires generally that notice be given to customers of banks whose records are sought. Whether the documents here at issue are such records within the statutory definition of the term is highly questionable. 12 U.S.C. § 3401. However, records not specifically identifiable with an individual are not covered by the statute. 12 U.S.C. § 3413(a). Further, the Financial Privacy Act explicitly exempts from its provisions grand jury subpoena such as the one here. 12 U.S.C. § 3420.

■ The commissioner cites Section 4 of Title 44 of the Louisiana Revised Statutes as further statutory prohibition of his releasing the information requested to the grand jury. That section, in a title which defines which of the state's records are to be considered "public", provides that "public records" shall not be construed to include "any records, writings, accounts, letters, letter books, photographs, or copies thereof in the custody or control of the commissioner of financial institutions, insofar as the records relate to solvent banks engaged in the banking business at the time of the application for inspection." The contest between the parties is thus obviously in large measure much ado about nothing, for the statute on its face is applicable only to records which relate to currently solvent banks. The commissioner has no ground for refusing to release the requested information as it would pertain to unsuccessful applicants or to those who might have been awarded a charter but whose bank ultimately failed.

■ Even to the extent that the subpoena may request documents arguably excluded from the realm of public record, the issue is not a particularly difficult one. That the Louisiana law means that any person may not walk into the commissioner's office and demand the production of such documents is clear; that it be taken to mean that such records are not available upon the subpoena of a federal grand jury, however, is quite a different proposition. The Court does not find that the above-quoted section prevents the commissioner from making available such records to a federal grand jury engaged in a legitimate

1. The Court directed that its stenographer record the *in camera* hearing and that she transcribe the proceeding and place that transcript, sealed, in the record of this motion.

ongoing criminal investigation. Indeed, to the extent that there is any conflict between the duties of the commissioner under state law and under the law of the United States as it pertains to the duties of persons with respect to making available pertinent unprivileged information to the grand jury, it is the opinion of the court that Article VI of the United States Constitution would here dictate that the commissioner surrender the documents as commanded by the subpoena. For discussions of this issue, *see In the Matter of the Special April 1977 Grand Jury*, 581 F.2d 589 (7th Cir. 1978); *In re Grand Jury Subpoena For New York State Income Tax Records*, 468 F.Supp. 575 (N.D.N.Y.1979).

Therefore, in light of the applicable law, the *in camera* hearing held by the Court, and the agreement of the United States to limit its request to a time span covering the last ten years, the motion to quash is DENIED.