**In re SUBPOENA TO TESTIFY BEFORE GRAND JURY NUMBERED S286–4–7.**

**In re SUBPOENA TO TESTIFY BEFORE GRAND JURY NUMBERED S286–4–8.**

Nos. S86–126, S86–127.

United States District Court,
N.D. Indiana,
South Bend Division.

March 6, 1986.

Henry A. Hoover, South Bend, Ind., for petitioners.

Thomas O. Plouff, Deputy U.S. Atty., South Bend, Ind., for respondent.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on motions to quash two subpoenae *duces tecum* issued by the grand jury. Rule 17(c) of the Federal Rules of Criminal Procedure authorizes the court to entertain the motion. The grand jury's subpoenae seek certain business records dating back to July 1, 1982. The subpoenae demand, "All documents relating to [two named corporations] for the period July 1, 1982 to the present. These documents include, *but are not limited to,* the following ..." The subpoenae then describe ten specific categories of documents. The motion challenges the subpoenae on three grounds:

(1) the subpoenae do not identify the grand jury's objectives or targets or the criminal statutes relevant to the investigation;

(2) the subpoenae establish no time limits; and

(3) the subpoenae are overly broad and seek "every document or piece of paper with which subject corporation had any connection" since July 1, 1982.

The court has heard and considered counsel's arguments, and has read and considered counsel's written arguments and the sealed statement of Fred J. Sturdevant.

Counsel agree that a grand jury's *subpoena duces tecum* must (a) seek items relevant to the investigation, (b) seek items that are identified with reasonable particularity, and (c) cover a reasonable period of time. *United States v. Alewelt,* 532 F.2d 1165 (7th Cir.1976) (subpoena proper in seeking production of "pair of green tinted sunglasses having thin metal frames and contained in a brown glass case"); *United States v. Gurule,* 437 F.2d 239 (10th Cir. 1970), *cert. denied* 403 U.S. 904, 91 S.Ct. 2202, 29 L.Ed.2d 679 (1971) (subpoena proper in seeking records of electric company's dealings with specific railway for the period from January 1, 1965, through December 31, 1967); *In Re 1980 U.S. Grand Jury Subpoena,* 502 F.Supp. 576 (E.D.La.1980) (subpoena seeking state official's production of "any and all records pertaining to applications for charter by any groups for the establishment of a banking institution" in a specific parish, proper); *In Re Corrado Bros., Inc.,* 367 F.Supp. 1126 (D.Del. 1973) (subpoena for contractors' records held proper in some particulars, but improper as to others); *In Re Subpoena Duces Tecum,* 203 F.Supp. 575 (S.D.N.Y.1961).

■ That the grand jury's objectives or targets are not identified is not sufficient ground to quash the subpoena. A grand jury has no obligation to disclose the reasons for the information it seeks. *Matter of Special February 1975 Grand Jury,* 565 F.2d 407 (7th Cir.1977); *In Re 1980 U.S. Grand Jury Subpoena,* 502 F.Supp. 576 (E.D.La.1980) ("There is no requirement that the United States at this time specify which statutes may have been violated by whom."). Accord, *United States v. Dionisio,* 410 U.S. 1, 15, 93 S.Ct. 764, 772, 35 L.Ed.2d 67 (1973) ("there was no justification for requiring the grand jury to satisfy even the minimal requirement of 'reasonableness' ").

■ The second stated ground for objection, that the subpoenae establish no time limits, seems inapplicable to the cases before the court. The subpoenae seek records from July 1, 1982 to the date of the issuance of the subpoenae. The request for documents is limited as to time. The law recognizes no requirement that the grand jury inform witnesses as to the time of the events the jury is investigating.

■ The third objection, based upon the scope of the subpoenae, presents the closest issue. The court's research has not disclosed a reported case in which a court addressed the precise issue before this court.

In *Oklahoma Press Publ. Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946), the Supreme Court upheld enforcement of a subpoena *duces tecum* calling for all corporate documents over a five-

year period relating to employees' hours and wages. The subpoena did not, however, call for production of all corporate documents. In *Civil Aeronautics Board v. Hermann*, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957), the Court enforced subpoenae *duces tecum* seeking, in the words of the circuit court, "practically all records, books and documents of or concerning the companies". *Hermann v. Civil Aeronautics Board*, 237 F.2d 359, 361 (9th Cir. 1956). The Supreme Court, however, described the subpoenae as seeking only "production of certain categories of documents ..." 353 U.S. at 323, 77 S.Ct. at 805.

In *In Re Grand Jury Subpoena Duces Tecum to John Doe Corp.*, 570 F.Supp. 1476 (S.D.N.Y.1983), the district court enforced a subpoena seeking nine different categories of documents, including cancelled checks for all bank accounts and bank statements, for a four-year period. A subpoena demanding production of "evidence of virtually all of [the witness'] law firm's financial transactions for a period of five and one-half years" was not unreasonable in *Matter of Berry*, 521 F.2d 179, 182 (10th Cir.1975).

However, in *Margoles v. United States*, 402 F.2d 450 (7th Cir.1968), the court quashed a habeas petitioner's subpoena seeking "any and all equipment logs of the FBI office in Milwaukee relating to the utilization of electronic eavesdropping equipment during the period of March, 1960 to September, 1961", issued in an attempt to establish his contention that the Government eavesdropped on him. 402 F.2d at 451. In *In Re Grand Jury Proceedings Witness Bardier*, 486 F.Supp. 1203 (D.Nev.1980), the government's subpoena sought sixteen specific categories of papers covering a six-year period, and then added the demand for "All other records not specifically numerated above which reflect or are related to the financial activities of those individuals or entities listed." The court held that this item, seeking every record in the witness' possession with respect to fourteen individuals over a six-year period, was unreasonable.

The court's review of the cases leads to the conclusion that the grand jury's subpoenae *duces tecum* do not seek items that are identified with reasonable particularity. The subpoenae seek all of the corporations' records, regardless of topic. No description of documents sought limits the subpoenae; the grand jury simply demands production of all corporate documents. Such a demand exceeds the proper scope of the grand jury subpoena. *United States v. Alewelt*, 532 F.2d 1165 (7th Cir.1976); *United States v. Gurule*, 437 F.2d 239 (10th Cir.1970), *cert. denied* 403 U.S. 904, 91 S.Ct. 2202, 29 L.Ed.2d 679 (1971); *In Re 1980 U.S. Grand Jury Subpoena*, 502 F.Supp. 576 (E.D.La.1980); *In Re Corrado Bros., Inc.*, 367 F.Supp. 1126 (D.Del.1973); *In Re Subpoena Duces Tecum*, 203 F.Supp. 575 (S.D.N.Y.1961). To demand particularized records that constitute all or most of the witness' records is not unreasonable, *Civil Aeronautics Board v. Hermann*, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957); *Oklahoma Press Publ. Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *In Re 1980 U.S. Grand Jury Subpoena*, 502 F.Supp. 576 (E.D.La.1980). Simply to demand all of the corporate records of whatever nature, however, strips the request of specificity, and is not reasonable.

Rule 17(c) of the Federal Rules of Criminal Procedure provides in part, "The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." This provision allows a court to render an unreasonable subpoena reasonable through modification rather than quashing it. A subpoena *duces tecum* which sought only the documents set forth in the ten specific descriptions contained in the subpoenae would, under the standards set forth in cases such as *In Re Grand Jury Subpoena Duces Tecum to John Doe Corp.*, 570 F.Supp. 1476 (S.D.N.Y.1983), be reasonable. Accordingly, the court, pursuant to its authority under Fed.R.Crim.P. 17(c), grants the movant's motion to quash only insofar

as the subpoenae *duces tecum* seek documents other than those specifically set forth in the clauses following *"included but not limited to ..."*

The motion to quash is GRANTED IN PART. The grand jury's subpoenae *duces tecum* are deemed MODIFIED in accordance with this memorandum and order. The movant is given fourteen days within which to comply with the subpoena *duces tecum* as modified. SO ORDERED.