## In re GRAND JURY INVESTIGATION.

### No. 90–Misc–71.

United States District Court,
E.D. Wisconsin.

Oct. 5, 1990.

McKenna & Cuneo by Lane L. McVey and Janice Davis, Washington, D.C., Foley & Lardner by Joan F. Kessler, Milwaukee, Wis., for plaintiff.

John E. Fryatt, U.S. Atty. by Melvin Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On April 28, 1989, the government served Oshkosh Truck Corporation [OTC] with a subpoena duces tecum to appear before the grand jury. OTC asserts that it then produced 1507 boxes containing over four million pages of information. A second grand jury subpoena duces tecum was served on OTC on August 17, 1990. In response, OTC has filed a motion to quash or, alternatively, to modify the second subpoena.

> The authority of a grand jury to inquire into violations of criminal law through the use of subpoenas duces tecum is necessarily broad, and is generally limited only by the requirement that the evidence to be produced cover a reasonable period of time, is relevant to the investigation, and is *identified with reasonable particularity.*

*United States v. Alewelt,* 532 F.2d 1165, 1168 (7th Cir.1976) (citations omitted) (emphasis added).

OTC complains that the subpoena so lacks particularity that OTC cannot reasonably understand what is sought. The subpoena is not drafted with great specificity; it took the government nine full pages in its brief to explain the terms used in the six-page subpoena. Broad, sweeping requests are not reasonable. *See* In re subpoena to testify before the grand jury, 630 F.Supp. 235, 237 (N.D.Ind.1986).

The first subpoena was very broad, and the second subpoena is also expansive; it is certainly arguable that the government is on a fishing expedition. It may be that the four million pages already produced are not sufficient; however, after such an initial production it is not unreasonable to require the government to state, with specificity, the additional documents it seeks.

Invoking Rule 17(c), Federal Rules of Criminal Procedure, OTC also persuasively argues that the second subpoena is unreasonable and oppressive because the subpoena would require OTC to produce over 9,000 linear feet of documentation. The court is satisfied that the subpoena is oppressive.

Not only is the sheer bulk impressive, the second subpoena is repetitive of the first subpoena. The first and last pages of the August 17, 1990, subpoena are the most telling in this regard. Item one, with one minor exception, seeks the same information sought, and presumably received, under the first subpoena. The same is true of items three and four. Then on the last page, the subpoena states that "if any documents called for by this subpoena have, in fact, actually been delivered to the government in response to an earlier subpoena" identify such documents. Until the government learns more about what it has already received from OTC, OTC should not be burdened with the task of insuring against duplication.

The government has submitted a motion for permission to file an affidavit under seal for the court's *in camera* inspection; the purposes of such an inspection, according to the government, are to inform the court of the reasons behind the subpoena and the investigation and to show the relevance of the requested information.

The court will not sustain the government's request to communicate with the court *ex parte.* First, such communications are not favored. *See United States v. Napue,* 834 F.2d 1311, 1316 (7th Cir. 1987). Second, the government need not support its subpoena with an affidavit. *In re Grand Jury Proceedings of June 16, 1981,* 519 F.Supp. 791, 794 (E.D.Wis.1981).

Moreover, the issue whether the documents are relevant cannot be resolved until the materials are identified in detail.

Therefore, IT IS ORDERED that Oshkosh Truck Corporation's motion to quash the subpoena duces tecum be and hereby is granted, with costs.

IT IS ALSO ORDERED that Oshkosh Truck Corporation's alternative motion to modify the subpoena duces tecum be and hereby is denied, without costs.

IT IS FURTHER ORDERED that the government's motion for permission to file an affidavit for the court's *in camera* inspection be and hereby is denied, without costs.