[Cite as *State v. Carpenter*, 2023-Ohio-2014.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
| --- | --- | --- |
| STATE OF OHIO | | C.A. No. 22CA0058-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUSTIN S. CARPENTER | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 22CR0183 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2023

SUTTON, Presiding Judge.

{¶1} The State of Ohio appeals from an entry of the Medina County Court of Common Pleas granting Defendant-Appellee Justin Carpenter's motion to suppress evidence. This Court reverses and remands.

I.

{¶2} On March 2, 2022, Mr. Carpenter was indicted by a Medina County grand jury on one count of aggravated drug possession in violation of R.C. 2925.11(A)(C), a felony of the fifth degree.

{¶3} Mr. Carpenter filed a motion to suppress evidence obtained from what Mr. Carpenter alleged was an illegal search of his jacket. On July 8, 2022, the trial court held a hearing on Mr. Carpenter's motion. The State presented the testimony of one witness, Officer Katie Sipos, a 24-year veteran of the Wadsworth Police Department, who conducted the search of the jacket.

The State also admitted into evidence the officer's body camera footage from the incident. Mr. Carpenter presented no evidence or witnesses.

{¶4} On October 3, 2022, the trial court issued a journal entry granting Mr. Carpenter's motion to suppress the evidence obtained as a result of the search of the jacket. It is from that entry the State appeals, assigning one error for this Court's review.

II.

## **ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN GRANTING [MR.] CARPENTER'S MOTION TO SUPPRESS EVIDENCE. THE SEARCH OF THE JACKET WAS LAWFUL BECAUSE THE JACKET WAS EITHER ABANDONED OR WAS AN UNATTENDED ITEM THAT POLICE HAD THE RIGHT TO SEARCH TO DETERMINE ITS OWNER. THERE IS NO REQUIREMENT THAT BEFORE SEARCHING AN UNATTENDED ITEM POLICE MUST ASK EVERY PERSON IN THE VICINITY OF THE ITEM IF THEY OWN IT.**

{¶5} In its sole assignment of error, the State argues the trial court erred in granting Mr. Carpenter's motion to suppress evidence. For the reasons that follow, we agree.

Standard of Review

{¶6} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997). We emphasize, however, that "[t]his Court must only accept the

trial court's findings of fact if they are supported by competent, credible evidence." *State v. Hendrix*, 9th Dist. Summit Nos. 26648, 26649, 2013-Ohio-2430, ¶ 14, quoting *State v. Figueroa*, 9th Dist. Lorain No. 09CA009612, 2010-Ohio-189, ¶ 20.

{¶7} At the suppression hearing, Officer Sipos testified that the Wadsworth Police had received a call about a disturbance that occurred at a residence involving Mr. Carpenter and his companion, H.C. Several patrol units were looking for the couple when Officer Sipos spotted them outside of a tanning shop. Officer Sipos discovered that H.C. had an outstanding warrant for her arrest and proceeded to take her into custody. As part of that arrest, Officer Sipos conducted a search of a bag that H.C. had been wearing. During the search of that bag, Officer Sipos located drug paraphernalia. While Officer Sipos was processing that evidence, her colleague began a frisk of Mr. Carpenter. While that frisk was happening, Officer Sipos went over to the table that H.C. had been seated at when Officer Sipos pulled into the parking lot of the tanning salon. Officer Sipos testified that she began to search a jacket that was on the table to see who it belonged to, because "I wasn't sure whose it was. Since [H.C.] was sitting there and [Mr. Carpenter] had already come closer to me when I first pulled up, I wasn't sure if it could have been hers or whose it could have been."

{¶8} A factual finding upon which the trial court based its decision was that "[a]t no time after Officer Sipos arrived was either [Mr.] Carpenter or [H.C] seated at the table." Therefore, the trial court found the jacket was "temporarily unattended" as opposed to "truly unattended or lost property[,]" The trial court relied on this factual finding in granting Mr. Carpenter's motion to suppress. However, this factual finding is not supported by the evidence in the record. Officer Sipos' body camera footage shows that when she gets out of her vehicle, [H.C.] remains seated at the table with the jacket, while Mr. Carpenter is walking towards Officer Sipos' vehicle.

Eventually, H.C. gets up and walks away from the table to approach the officer, but both the body camera shows, and the officer testified that, H.C. had remained seated at the table after the officer's arrival. Additionally, the trial court stated in its factual findings that "[i]nside the [jacket] pocket, Officer Sipos located [Mr.] Carpenter's wallet and some drug paraphernalia." However, the body camera footage shows that in the jacket pocket, Officer Sipos located a mesh wallet, and that items belonging to Mr. Carpenter and the drug paraphernalia were inside that mesh wallet. The body camera footage further shows that it was possible to see through the mesh into the wallet to some degree even prior to the wallet being opened or items being removed from it.

{¶9} While we note that instead of applying a Fourth Amendment analysis to the search of the jacket, the trial court improperly focused on a distinction between "temporarily unattended" and "truly unattended" property, a distinction not found in the law. However, we cannot address the trial court's application of the law at this time, as the trial court's factual findings are not supported by competent, credible evidence. *See State v. Liscoe*, 9th Dist. Summit No. 25441, 2011-Ohio-1054, ¶ 14; *State v. Stambaugh*, 9th Dist. Wayne No. 12CA0027, 2012-Ohio-5568, ¶ 12-19. Because the evidence does not support the trial court's factual findings, we must conclude that the trial court erred by granting Mr. Carpenter's motion to suppress. The State's sole assignment of error is sustained on that basis.

{¶10} The State's sole assignment of error is sustained.

III.

{¶11} The State's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed,
and caused remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT



FLAGG LANZINGER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶12} I concur in the majority's judgment, but I would undertake a different analysis. "Before we subject the [S]tate's conduct to Fourth Amendment scrutiny, we must first consider the threshold question of whether this constitutional provision applies in the present case. The crucial issue to be resolved is whether the [A]ppellant had a reasonable expectation of privacy with

regard to his jacket." (Internal quotations omitted.) *See People v. Juan*, 175 Cal.App.3d 1064, 1067-1068 (1985). "[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." (Internal citations omitted.) *Katz v. United States*, 389 U.S. 347, 351 (1967). Notably, "business and commercial premises are not as private as residential premises, and [] consequently there are various police investigative procedures which may be directed at such premises without the police conduct constituting a Fourth Amendment search." (Citation omitted.) *State v. Gary*, 2d Dist. Montgomery No. 27829, 2018-Ohio-3696, ¶ 23. Thus, if one relinquishes control of property by placing it in an area of a public space where the person has no possessory interest, the person has no reasonable expectation of privacy and cannot sustain a challenge to the legality of the subsequent search and seizure on Fourth Amendment grounds. *United States v. Alewelt*, 532 F.2d 1165, 1168 (7th Cir.1976).

{¶13} Accordingly, I would conclude that when Carpenter and H.C. left the jacket at the table and walked away, Carpenter lacked a reasonable expectation of privacy in that jacket. *See Juan* at 1069. "By leaving his jacket unattended [in a public place], [Carpenter] exposed it to the public and he cannot assert that he possessed a reasonable expectation of privacy in the pockets of his jacket. The 'search' of [the] jacket was therefore lawful since it did not violate his constitutional rights." *Id.; see also Alewelt* at 1168. Accordingly, I concur in the majority's judgment.

APPEARANCES:

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellant.

COLE F. OBERLI, Attorney at Law, for Appellee.