Application of John KELLY, as President of Milk Drivers and Dairy Employees, Local 584 Affiliated With The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated association, for an order vacating and quashing a certain subpoena issued by Paul W. Williams, United States Attorney for the Southern District of New York.

United States District Court
S. D. New York.
June 1, 1956.

Samuel Cohen, New York City, for petitioner.

Paul W. Williams, U. S. Atty., by Charles Miller & Herbert Wachtell, New York City, of counsel, for respondent.

WEINFELD, District Judge.

Books and records of a union are under a "forthwith" grand jury subpoena duces tecum. The subpoena covers all records over a six-year period. A subpoena duces tecum, unlike a search warrant, does not serve to disturb possession of property.[1] Notwithstanding, no officer of petitioner-union would be entitled to be present while the grand jury was in actual session and then considering or examining the records and documents which had been produced pursuant to the subpoena.[2] It would involve an unnecessary and unwarranted waste of time were the grand jury required to sit in session while accountants engaged to assist it examined each item—separat-

1. Cf. Hale v. Henkel, 201 U.S. 43, 76, also page 80, 26 S.Ct. 370, also page 381, 50 L. Ed. 652, concurring opinion McKenna, J.

2. Cf. In re American Sugar Refining Co., C.C.S.D.N.Y., 178 F. 109.

ing the wheat from the chaff and isolating matters which bear on the subject matter of the Grand Jury investigation.

■ Petitioner, asserting its willingness to cooperate in the investigation, contends however that the subpoena duces tecum is so sweeping that unless modified it will be deprived of access to its own records, which are essential for its proper functioning. Thus what is involved is a proper balance between the right of the grand jury to the "temporary use of the books"[3] and the right of a party to be protected against unreasonable and oppressive production of records which may be disruptive of its normal business activities—a problem which "can be accommodated to the convenience of the parties"[4] and the necessities of each situation. Under the circumstances, and as a practical matter, the Court upon the argument of petitioner's motion to vacate the subpoena and a cross-motion to punish it for contempt, set up a modus operandi as follows:

Petitioner shall deliver daily at 10:00 a. m. all the subpoenaed material to the United States Attorney under whose supervision the accountants are examining the records and who are likely to testify before the grand jury as to their contents and their findings; at 4:00 p. m. of each day the subpoenaed records are to be returned to the petitioner's representatives, the process to continue daily for two weeks, which the United States Attorney deemed sufficient time to complete the investigation.

The petitioner, while expressing accord with the foregoing disposition contends further that it has an absolute right to have its counsel or officers present while the records are under scrutiny by the Government agents; bluntly, it urges it has a right to observe the precise nature of the matters which are the subject of the investigation, presumably on the ground that the grand jury is not actually in session. Upon further argument of the matter and in answer to the Court's inquiry as to the reason for this unusual request, counsel for petitioner expressed concern that the records would be made available, or the information derived therefrom would be disclosed, to unauthorized parties or hostile interests with whom petitioner is now or may be engaged in civil litigation. Nothing has been submitted to support this assertion.

The United States Attorney has represented that only members of his staff, and accountants of the Federal Bureau of Investigation and the Internal Revenue Bureau, will examine the records and that information derived therefrom is intended for formal presentation to the grand jury and will not be disclosed to unauthorized persons. This should be sufficient. However, if petitioner's counsel feels it desires a protective order, such a provision may be incorporated in the order to be entered.[5]

I am of the view that the disposition made adequately protects the interests of the parties and removes any basis for a claim that compliance by the petitioner with the subpoena duces tecum will be unreasonable or oppressive. It at once recognizes the union's right to custody of its records, gives full scope to the grand jury's right to the "temporary use" of the records, and finally makes available to petitioner each day during the course of the investigation all the records which it may require for its day-to-day functioning. The slight inconvenience which may be visited upon members of petitioner's staff to the extent they may be required to work after usual hours over a two week period is inconsequential; indeed a trifling to pay to secure the effective administration of justice and the enforcement of our laws.[6]

3. See concurring opinion McKenna, J., in Hale v. Henkel, 201 U.S. 43, 80, 26 S.Ct. 370, 381, 50 L.Ed. 652.

4. Ibid.

5. Cf. Baim & Blank, Inc. v. Bruno-New York, Inc., D.C.S.D.N.Y., 17 F.R.D. 346.

6. Application of Radio Corp. of America, D.C.S.D.N.Y., 13 F.R.D. 167.