**In re GRAND JURY SUBPOENA SERVED UPON NEW YORK LAW SCHOOL, Benjamin Ostrer, Movant Intervenor.**

Misc. No. 11–188.

United States District Court,
S. D. New York.

April 19, 1978.

Alan M. Dershowitz, Cambridge, Mass., Chief Counsel, Harvey A. Silverglate, Silverglate, Shapiro & Gertner, Boston, Mass., co-counsel, Michael B. Pollack, New York City, local counsel, for Ostrer.

Alan R. Naftalis, Asst. U.S. Atty., New York City, for defendant.

## ENDORSEMENT

LASKER, District Judge.

Benjamin Ostrer moves to intervene and quash a subpoena duces tecum served upon the registrar of the New York Law School. The subpoena calls for the production of a:

> "[t]ranscript of all courses taken and grades received therein by Benjamin Ostrer . . . for which credit was given at New York Law School which subject matter included federal income tax matters and accounting."

■ Ostrer's motion to intervene in this proceeding is unopposed and is granted. It is clear that Ostrer is vitally interested in the question whether his school records must be turned over to the United States Attorney—in fact, his interest is recognized by statute, 20 U.S.C. § 1232g(b)(2)(B)—and he will not be able to protect his interest unless he is permitted to participate in the litigation. Accordingly, he is entitled to intervene as a matter of right. 24(a)(2), Federal Rules of Civil Procedure.

■ Ostrer argues that the United States Attorney "has given no indication whatsoever of what conceivable interest—let alone any 'specific' 'legitimate' interest—he believes the grand jury . . . might have in . . . [his] law school records" (Ostrer's Memorandum at 5) (emphasis in original). While this is true, no such indication is required of the government, for (with exceptions not relevant here) a subpoena duces tecum will be upheld unless the respondent, or in this case, the intervenor, can "satisfy the District Judge 'that a particular category of documents can have no conceivable relevance to any legitimate object of investigation by the federal grand jury.' " In re Morgan, 377 F.Supp. 281, 284 (S.D.N.Y.1974) (emphasis added), quoting In re Horowitz, 482 F.2d 72, 80 (2d Cir.), cert. denied, 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973); accord, In re Liberatore, 574 F.2d 78, at 83. (2d Cir. February 24, 1978). Ostrer's counsel creditably conceded, both in his affidavit (Silverglate Affidavit at 9–10) and at oral argument, that the documents requested might bear some relation to an indictment and prosecution for violation of the Internal Revenue Code, 26 U.S.C. § 1 et seq., but contends that whatever the relation, it is not one of relevance because (1) proof of knowledge of the Internal Revenue Code is not necessary for successful prosecution of tax violators and (2) the transcript is not probative of such knowledge.

■ With regard to Ostrer's first contention, it should be noted that willfulness is an essential element of some criminal tax offenses. See, e. g., 2 Devitt and Blackmar, Federal Jury Practice and Instructions § 35.04, as to the elements of a violation of 26 U.S.C. § 7201:

> "The attempt to evade or defeat the tax must be a willful attempt; that is to say, it must be an attempt made voluntarily and intentionally, and with the specific intent to keep from the Government a tax imposed by the income-tax laws, which it was the legal duty of the accused to pay to the Government, and which the accused knew it was his legal duty to pay." Id., § 35.04 at 117 (emphasis added).

That the transcripts might not, in and of themselves, suffice to establish knowledge of the Code does not make them irrelevant for the purpose of the grand jury investigation:

"[r]elevancy, in the context of a Grand Jury proceeding is not a probative relevancy, for it cannot be known in advance whether the document produced will actually advance the investigation. It is rather a relevancy to the subject matter of the investigation." *In re Morgan, supra*, 377 F.Supp. at 285.

■ In light of the potential connection between the documents sought and a conceivable, legitimate grand jury inquiry, Ostrer has not met the burden, most recently announced in *Liberatore, supra*, of showing that the subpoena ought to be quashed.

The clearly conceivable relevance of the documents makes it unnecessary to hold an evidentiary hearing or to entertain an *in camera* showing by the government. Although such a showing was offered by the government and urged by Ostrer, we decline the invitation, on the principle that "wherever possible, matters should be decided without reference to information not subject to adversarial comment and rebuttal." *Matter of Archuleta*, 432 F.Supp. 583, 586 (S.D.N.Y.1977).

The motion to intervene is granted. The motion to quash and the motion for an evidentiary hearing are denied. The request for an *in camera* showing is denied.

It is so ordered.