## In re GRAND JURY SUBPOENA DUCES TECUM TO JOHN DOE CORP.

### No. M–11–188.

United States District Court,
S.D. New York.

Sept. 27, 1983.

---

James M. Davis, Butler, Fitzgerald & Potter, New York City, for petitioner.

Rudolph W. Giuliani, U.S.Atty., Nathaniel H. Akerman, Asst. U.S. Atty., S.D.N.Y., New York City, for U.S.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action came before this Court upon the motion of John Doe Corp. ("Doe Corp.") for an order quashing the grand jury subpoena duces tecum issued June 1983 to Doe Corp. This motion is a reargument of another motion seeking the identical relief which was denied by this Court, sitting in the emergency part, on August 16, 1983. For the reasons stated below, the motion is denied.

### BACKGROUND

In June, 1983, a grand jury convened in this District issued a subpoena duces tecum to Doe Corp. in connection with its inquest into possible violations of, at the least, the mail fraud statute, 18 U.S.C. § 1341. That subpoena called for the production of several categories of documents maintained by Doe Corp. over a four year period. In particular the subpoena requested the following documents for the period between January 1, 1979, and December 31, 1982:

1. All weekly payroll records and all cancelled payroll checks;
2. Cash disbursement journals;
3. General ledgers;

4. Cancelled checks for all bank accounts and bank statements;

5. All W-2 forms and/or W-4 forms prepared for federal tax returns and federal tax forms;

6. The time cards for all employees, or any records which accurately reflect the number of hours each employee has worked including the time cards or records for employees no longer employed with the company;

7. Documents reflecting the names, addresses and telephone numbers for all office employees current and prior, including the position(s) held for the period indicated;

8. All monthly reports or documents forwarded to any union reflecting the pension and welfare contributions remitted to any union on behalf of employees; and

9. All collective bargaining agreement(s) with any union, for the period indicated.

Doe Corp. moved, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and the Fourth Amendment, for an order quashing the subpoena. Doe Corp.'s motion was denied by this Court, sitting in the emergency part, on August 16, 1983.

Doe Corp. renewed its motion by Order to Show Cause dated August 22, 1983. This Court granted reargument of Doe Corp.'s motion to quash through said Order to Show Cause.

### DISCUSSION

Doe Corp. essentially makes three arguments in support of its motion to quash. They are as follows: (1) the subpoena issued herein is "unreasonable and oppressive"; (2) the grand jury must make a preliminary showing of the relevance of each category of documents sought to a legitimate grand jury investigation; and (3) that that showing of relevance must be made on the record.

■ A grand jury subpoena duces tecum may be quashed or modified by the court if it is found that "compliance would be un-

reasonable or oppressive." Rule 17(c), Federal Rules of Criminal Procedure. Although the subpoena issued herein calls for the production of a substantial quantity of Doe Corp.'s records, this Court finds that it is neither unreasonable nor oppressive.

In *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946), subpoenas duces tecum were enforced that had been issued by the Wage and Hours Administrator investigating possible violations of the Fair Labor Standards Act which called for the production of all corporate books, papers, and documents showing the hours worked by and the wages paid to all employees over a five year period, as well as several other categories of documents.

In *CAB v. Hermann,* 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957), subpoenas duces tecum were enforced which called for, according to the circuit court's characterization, "practically all records, books and documents of or concerning the companies," *Hermann v. CAB,* 237 F.2d 359, 361 (9th Cir.1956). One court has commented about the subpoenas in *Hermann* "that compliance ... was exceedingly burdensome." *In re Horowitz,* 482 F.2d 72, 78 n. 5 (2d Cir.) (Friendly, J.), *cert. denied,* 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973).

The subpoena issued herein is not nearly as sweeping in its request as those upheld in *Oklahoma Press* and *Hermann.* Furthermore, any inconvenience occasioned by the production of working documents is mitigated by the Government's willingness to copy those documents, at its own expense, and return them to Doe Corp. *See In re Immunity Order Dated April 21, 1982,* 543 F.Supp. 1075 (S.D.N.Y.1982); *see also In re Kelly,* 19 F.R.D. 269 (S.D.N.Y.1956) (Weinfeld, J.) (timetable for production established to minimize interference with ongoing operations). Thus, Doe Corp. has not shown this Court that it should quash the subpoena under Rule 17(c).

■ Doe Corp. also argues that the Fourth Amendment compels quashing the subpoena issued herein. The Supreme

Court has stated, with respect to subpoenas duces tecum, that "the Fourth [Amendment], *if applicable,* at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described'." *Oklahoma Press,* 327 U.S. at 208, 66 S.Ct. at 505 (emphasis added). The subpoena issued herein is not vague: it tells Doe Corp. exactly what it is to produce. Moreover, as discussed above, it is not overbroad.

Doe Corp. argues further that the Fourth Amendment requires that all documents sought be relevant to a legitimate grand jury investigation. Although it is clear that all documents sought must be relevant to a legitimate grand jury investigation, it is not clear whether that requirement derives from the Fourth Amendment or from the less restrictive due process clause of the Fifth Amendment. *See, e.g., Oklahoma Press,* 327 U.S. at 208, 66 S.Ct. at 505; *Horowitz,* 482 F.2d at 79. As Judge Friendly said in *Horowitz,* "[h]owever great the intellectual interest of this question, we are not required to decide it." *Id.* The question that this Court must decide is who must show that the documents are, or are not, relevant, and when and how that showing must be made.

Doe Corp. argues that it is "the government's burden *in every case* to make a record showing of the nature and purpose of the grand jury's investigation and the relevance of each category of subpoenaed documents." Memorandum of Law in Support of Doe Corp.'s Motion for Reargument, p. 3. This Court does not agree.

The grand jury is an essential element of our jurisprudence. Federal defendants are guaranteed the right to have allegations against them tested before a grand jury before they can be called to answer for their alleged wrongdoings. Fifth Amendment, Constitution of the United States of America. The grand jury is charged, therefore, with investigating substantially all alleged federal offenses. In order to discharge this heavy responsibility, the grand jury "has broad investigative powers to determine whether a crime has been committed and who has committed it. The jurors may act on tips, rumors, evidence offered by the prosecutor, or their own personal knowledge." *U.S. v. Dionisio,* 410 U.S. 1, 15, 93 S.Ct. 764, 772, 35 L.Ed.2d 67 (1973). Doe Corp. would impose upon this investigative process the impediment that the grand jury in each case specify preliminarily the relevance of the materials sought.

The short answer to Doe Corp.'s contention can be found in the recent decision of the Second Circuit in *In re Liberatore,* 574 F.2d 78 (2d Cir.1978). There, the court stated, "the government does *not* in each and every case bear the constant burden of *initially* showing the relevance of the particular evidence sought to be produced by way of subpoena." 574 F.2d at 83 (emphasis added). The grand jury often will not know in advance what certain documents may show. *See McPhaul v. U.S.,* 364 U.S. 372, 382, 81 S.Ct. 138, 144, 5 L.Ed.2d 136 (1960). Furthermore, the grand jury investigation may uncover violations that were not, and could not have been, anticipated: the grand jury's investigation is not limited to a single subject matter. *See Horowitz,* 482 F.2d at 79.

It would be unwise, therefore, as well as contrary to substantial precedent, to saddle the grand jury's investigative process in each case with the requirement that it make a preliminary showing of relevance. As the Supreme Court stated in *Dionisio,* "[a]ny holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." 410 U.S. at 17, 93 S.Ct. at 773; *see also U.S. v. Mara,* 410 U.S. 19, 22, 93 S.Ct. 774, 776, 35 L.Ed.2d 99 (1973); *McPhaul,* 354 U.S. at 382, 81 S.Ct. at 144; *Liberatore,* 574 F.2d at 82; *U.S. v. Doe,* 457 F.2d 895, 900–901 (2d Cir.1972) (Friendly, J.), *cert. denied,* 410 U.S. 941, 93 S.Ct. 1376, 35 L.Ed.2d 608 (1973); *In re Grand Jury Subpoena Served Upon New York Law School,* 448 F.Supp. 822 (S.D.N.Y.1978).

Doe Corp.'s suggestion that the rule that no preliminary showing is required of

the grand jury applies only to the production of non-testimonial physical evidence, e.g., voice exemplars, *Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67, and not to subpoenas duces tecum for documents is without merit. *See New York Law School,* 448 F.Supp. 822.

■ Furthermore, the secrecy of the grand jury proceedings must be preserved. *See, e.g., In re John Doe Corp.,* 675 F.2d 482, 490 (2d Cir.1982) (allowing *in camera* submissions rather than "sacrificing the secrecy of the grand jury"). Requiring this grand jury to, or imposing a blanket requirement that all grand juries, divulge at an early stage of the investigation what is being investigated and why the documents sought are relevant thereto *might* compromise the integrity of that investigation.

■ The burden in this case, therefore, like the burden in every case, is upon the respondent. If the respondent wishes to shift the burden to the government, it must come forward with enough information to prove that it is unlikely that the materials sought are relevant to the investigation. *Cf. Horowitz,* 482 F.2d at 80 (burden placed on government where documents sought pre-dated violation *known* to be the focus of the investigation by some fifteen years). If the respondent does not come forward with enough evidence to shift the burden, then the respondent bears the burden of showing that the documents sought "can have no conceivable relevance to any legitimate object of investigation by the federal grand jury." *Id.; see also New York Law School,* 448 F.Supp. at 823; *In re Morgan,* 377 F.Supp. 281, 284 (S.D.N.Y.1974). Doe Corp. has not met this burden.

■ Since this Court now holds that the Government had no burden to show the relevance of the requested documents, Doe Corp.'s remaining contention requires little discussion. The Government submitted to this Court, *in camera ex parte,* an affidavit which does show the relevance of the requested documents to a legitimate ongoing grand jury investigation. Doe Corp. argues that this submission was improper and that the showing must be on the record. Since the Government was not required to show the relevance at all, this Court is not relying upon that affidavit in its decision. *See In re Dr. John Doe, M.D.,* 711 F.2d 1187 at 1194 (2d Cir.1983); *see also New York Law School,* 448 F.Supp. at 824 (denying request of *both* parties for *in camera* showing of relevance because unnecessary).

■ Nevertheless, this Court notes that in appropriate circumstances *in camera* submissions are proper in order to preserve the "ongoing interest in grand jury secrecy." *Dr. John Doe,* at 1194. *See In re Marc Rich & Co., A.G.,* 707 F.2d 663, 670 (2d Cir.1983); *John Doe Corp.,* 675 F.2d at 490. In this case, like in *John Doe Corp.,* "a description of the materials submitted would have seriously breached the secrecy of the grand jury materials." 675 F.2d at 491.

In sum, it is ORDERED that Doe Corp.'s motion to quash is DENIED in all respects. Doe Corp. shall comply with the subpoena duces tecum forthwith. It is further ORDERED that the record of this motion be sealed.

SO ORDERED.