## In re GRAND JURY SUBPOENA FOR NEW YORK STATE INCOME TAX RECORDS.

### Misc. No. 186.

United States District Court, N. D. New York.

March 8, 1979.

George H. Lowe, U. S. Atty., N. D. of New York, Syracuse, N. Y., for respondent U. S.; Kevin E. McCormack, U. S. Dept. of Justice, Syracuse, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for petitioner State of N. Y.; Sidney L. Grossman, Asst. Atty. Gen., Syracuse, N. Y., of counsel.

MUNSON, District Judge.

### MEMORANDUM–DECISION AND ORDER

A federal grand jury sitting in the Northern District of New York is investigating

organized crime activities. The grand jury has found it necessary to subpoena several tax returns submitted to the New York State Department of Taxation. Through the Attorney General and Deputy Counsel, the Department of Taxation and Finance has moved to quash the subpoena, asserting that compliance would contravene the secrecy provisions of the New York Tax Law. For the reasons which follow, this application shall be denied.

In pertinent part, New York Tax Law § 697(e) provides:

(e). Secrecy requirement and penalties for violation.—Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the tax commission, any tax commissioner, . . . to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return required under this article. . . . Any violation of the provisions of this subsection shall be punished by a fine . . . or imprisonment . . . , and if the offender be an officer or employee of the state he shall be dismissed from office . . . (McKinney Supp.1978–1979)

Relying upon decisions of the New York courts, the Department of Taxation and Finance argues that the grand jury subpoena is not a "proper judicial order" and that compliance would subject its officers to the range of penalties outlined in the statute. Petitioner does not, however, argue that the subpoena is unreasonable or oppressive within the meaning of F.R.Crim.P. 17(c). Nor does the Department claim that the information to be produced is privileged and thereby protected under Rule 501 of the Federal Rules of Evidence. Consequently, there are only two issues before this Court: first, whether a federal grand jury subpoena is a "proper judicial order" within the meaning of New York Tax Law § 697(e); and second, if it is not, whether compliance with the subpoena is nonetheless mandatory by virtue of Article VI cl. 2 of the United States Constitution.

To effectively serve its purpose, the grand jury has traditionally been accorded wide latitude to inquire into violations of the criminal law. *United States v. Nixon,* 418 U.S. 683, 709–710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1976); *Branzburg v. Hayes,* 408 U.S. 665, 696–697, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Blair v. United States,* 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919). As Mr. Justice Powell explained in *United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974):

The grand jury may compel the production of evidence or the testimony of witnesses as it considers appropriate and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials. "It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited . . . by doubts whether any particular individual will be found properly subject to an accusation of crime." *Blair v. United States,* 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979 (1919).

These broad investigatory powers have quite predictably come into conflict with the secrecy provisions of the New York Tax Law. In *New York State Department of Tax v. New York State Department of Law,* 44 N.Y.2d 575, 406 N.Y.S.2d 747, 378 N.E.2d 110 (1978), the New York Court of Appeals resolved this conflict in favor of maintaining the confidentiality of tax returns in all but the most extraordinary circumstances, holding that a grand jury subpoena was not a "proper judicial order" within the meaning of section 697(e):

Absent possible circumstances so extraordinary that they plumb the very depths of judicial and Grand Jury power, a "proper order" is one which either effectuates the enumerated exceptions within the statute or which arises out of a case in which the report itself is at issue, as in a forgery or perjury prosecution. *Id.* at 582, 406 N.Y.S.2d at 752, 378 N.E.2d at 114;

Compare *Application of Credit Information Corp.,* 457 F.Supp. 969 (S.D.N.Y.1978). Basically, the statutory exceptions identified

in § 697(e) of the New York Tax Law relate only to civil and criminal tax proceedings. Since the Justice Department has not shown that the information being subpoenaed: (a) arises out of a case in which the reports themselves are in issue; (b) falls within one of the enumerated statutory exceptions; or (c) arises under extraordinary circumstances which challenge the very essence of grand jury power, this Court holds that the grand jury subpoena at issue here does not constitute a "proper judicial order" as that term has been defined by the New York courts.

■ This conclusion leads inescapably to the second issue, i. e., whether the confidentiality provisions of the New York Tax Law may constitutionally bar compliance with a federal grand jury subpoena. To resolve this issue, the analysis must necessarily begin with reference to Article VI cl. 2 of the United States Constitution:

> This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every state shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Supreme Court has several times indicated that, by virtue of the supremacy clause, state legislation must yield whenever it comes into conflict with an Act of Congress or the superior authority of the Constitution. *McDermott v. Wisconsin,* 228 U.S. 115, 132, 33 S.Ct. 431, 57 L.Ed. 754 (1913); *Savage v. Jones,* 225 U.S. 501, 533, 32 S.Ct. 715, 56 L.Ed. 1182 (1912). Cf. *Ex parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Thus, inasmuch as the federal grand jury is a product of the Fifth Amendment and its powers, a result of its long history and specific Congressional attention,[1] the conflict between state confidentiality provisions and Congressional or constitutional investigatory powers has resulted in enforcement of federal grand jury subpoenas despite state statutes which would otherwise prohibit compliance. *Matter of Special April 1977 Grand Jury,* 581 F.2d 589 (7th Cir. 1978); *In re Grand Jury Subpoena,* 382 F.Supp. 1205, 1206 (W.D.N.Y.1974); cf. *United States v. Grand Jury Investigation,* 417 F.Supp. 389, 393 (E.D.Pa. 1976); *In re Grand Jury Proceedings,* 563 F.2d 577 (3d Cir. 1977); *Matter of Grand Jury Impaneled January 21, 1975,* 541 F.2d 373 (3d Cir. 1976); *United States v. King,* 73 F.R.D. 103 (E.D.N.Y.1976).

The principle underlying these decisions was succinctly stated by the Seventh Circuit Court of Appeals in *Matter of Special April 1977 Grand Jury, supra:*

> Nothing in the United States Constitution immunizes any "exclusive domain of the state" from the reach of a federal grand jury . . ." *Id.* at 592.

The Courts have nonetheless recognized that policies of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions. *Matter of Special April 1977 Grand Jury, supra.* In this regard, it is important to note that the ostensible purpose of New York Tax Law § 697(e) is to ensure personal privacy and to encourage truthful tax reporting. *New York State Department of Taxation & Finance v. New York State Department of Law,* 44 N.Y.2d 575, 580, 406 N.Y.S.2d 747, 378 N.E.2d 110 (1978). Compliance with this grand jury subpoena will not, however, subvert New York's interest in safeguarding individual privacy because federal grand jury proceedings are conducted secretly. Furthermore, even assuming that honest income tax reporting will be encouraged by protecting New York state income tax returns from grand jury scrutiny, this objective is more than counterbalanced by the necessity of thorough grand jury investigations into violations of federal law—particularly since the State's interest in honest tax reporting will still be protected by the ever present threat of criminal sanctions which may be imposed upon individuals who file false or materially misleading returns. According-

1. See, e. g., 18 U.S.C. §§ 3332, 3333.

ly, inasmuch as compliance with this grand jury subpoena will not defeat the purposes of New York Tax Law § 697(e), and noncompliance would subvert the constitutional safeguards afforded by the grand jury process and the Fifth Amendment, the Court holds that compliance with this grand jury subpoena is mandated by Article VI cl. 2 of the United States Constitution. The motion to quash shall therefore be denied upon a written showing by the Justice Department, for review *in camera* by the Court, that the subpoenaed information is relevant and necessary to the grand jury investigation.[2]

It is so ordered.

---

2. Principles of comity and federalism nevertheless dictate that the federal grand jury not be given authorization to run roughshod over the competing state interests sought to be advanced by § 697(e) of the New York Tax Law.

The preceding safeguards have therefore been adopted to guard against arbitrary transgressions of state sovereignty. Cf. 26 U.S.C. § 6103(i)(1).