**In re GRAND JURY SUBPOENA.**

**Misc. No. 88–1002.**

United States District Court,
W.D. Tennessee, E.D.

June 14, 1988.

Daniel A. Clancy, Asst. U.S. Atty., Jackson, Tenn., for the U.S.

Samuel D. Lipshie, Nashville, Tenn., for Dominion Bank.

### ORDER DENYING MOTION TO QUASH

TODD, District Judge.

Before the court is a motion to quash a subpoena duces tecum issued by a federal grand jury in the course of an investigation. The subpoena requires Dominion Bank of Middle Tennessee ("Bank"), successor in interest to Nashville City Bank and Trust Company, to produce certain financial records maintained by the Bank in the ordinary course of business.

■ The Bank asserts that the grand jury subpoena does not comply with the provisions of the Tennessee Financial

**320**

Records Privacy Act ("Act"), T.C.A. §§ 45–10–101 to 116, and that it has a duty not to disclose financial records unless the Act is satisfied. The Bank contends that it could be subject to civil liability if it complies with the subpoena; therefore, the subpoena is oppressive and unreasonable under rule 17(c) of the Federal Rules of Criminal Procedure.

The government concedes that the grand jury subpoena does not comply with the requirements of the Tennessee Act, but argues that the federal grand jury is not bound by the statute. This court agrees.

A federal grand jury possesses broad investigatory powers with which to inquire into violations of federal law. *United States v. Nixon,* 418 U.S. 683, 709–10, 94 S.Ct. 3090, 3108–09, 41 L.Ed.2d 1039 (1976); *United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974); *Branzburg v. Hayes,* 408 U.S. 665, 696–97, 92 S.Ct. 2646, 2664–65, 33 L.Ed.2d 626 (1972); *Blair v. United States,* 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919). These powers are based on the fifth amendment of the United States Constitution. The court is of the opinion that to the extent T.C.A. §§ 45–10–101 to 116 conflict with the Bank's obligation to comply with the command of the federal grand jury, they are invalid and void under the Supremacy Clause of the United States Constitution, article VI, clause 2. *See Matter of Special April 1977 Grand Jury,* 581 F.2d 589 (7th Cir.), *cert. denied,* 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978); *In re 1980 United States Grand Jury Subpoena Duces Tecum,* 502 F.Supp. 576 (E.D. La.1980).

The Bank's contention that the subpoena is oppressive and unreasonable under Fed.R.Crim.P. 17(c) is without merit. The Tennessee statute contains no provision for criminal or civil penalties and does not expressly create a private cause of action. In addition, even if the Bank were to be exposed to civil liability, it would have as a defense that the records were disclosed in compliance with a valid subpoena issued by a federal grand jury.

The Bank has not met its burden of demonstrating that the subpoena issued by the grand jury is oppressive or unreasonable. Therefore, the motion to quash is DENIED.

IT IS SO ORDERED.