ST. LUKE'S REGIONAL MEDICAL CENTER, INC., an Iowa Corporation, Plaintiff,

v.

The UNITED STATES of America, the Department of Health and Human Services, and Merrill Van Patten, Defendants.

UNITED STATES of America, Office of Inspector General, Department of Health and Human Services, Plaintiff,

v.

ST. LUKE'S REGIONAL MEDICAL CENTER, INC., Defendant.

Nos. C 89–4011, C 89–4023.

United States District Court, N.D. Iowa, W.D.

June 27, 1989.

Douglas Flom, Sioux City, Iowa, for St. Luke's Regional Medical Center.

Robin Schneider, Dept. Justice, Washington, D.C., for Dept. HHS.

F. Lee Goodwin, Sioux City, Iowa, for Merrill Van Patten.

ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the court pursuant to St. Luke's Regional Medical Center's (hereinafter "St. Luke's") motion for a declaratory judgment and the Department of Health and Human Services' (hereinafter "the Government") petition for an order to require obedience to administrative subpoena. The court has previously consolidated the above-entitled actions, and at the hearing in this matter, all parties present agreed that this case was before the court on the merits. After careful consideration of the briefs, arguments, and cases the parties have cited, the court finds that the Government is entitled to possession of the documents requested in its subpoena. The court also finds appropriate, however, to issue a protective order limiting the dissem-

ination, at this time, of the information contained in the documents.

The Government is currently investigating Dr. Merrill Van Patten in connection with possible civil violations surrounding Medicaid statements. Dr. Van Patten is a staff doctor at St. Luke's Regional Medical Center. The Government issued a subpoena to St. Luke's seeking certain of Dr. Van Patten's medical records. St. Luke's is of the position that the court should decide for it whether or not the Government is entitled to these documents. St. Luke's raises three areas of concern for the court, however: (a) whether disclosure would arguably violate Van Patten's constitutional right of privacy; (b) whether the disclosure prohibitions contained in the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11137(b), would be violated by disclosure; and (c) whether disclosure would violate the State of Iowa peer review disclosure prohibitions contained in section 147.135.2 of the 1987 Code of Iowa.

Based upon the authority which the Government cites in its brief and supplemental brief, the court deems that the Government is entitled to the documents. Applying the balancing test established in *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570 (3d Cir.1980), the court finds that Dr. Van Patten's privacy interests succumb to the greater government interest in favor of disclosure. The court notes that the investigation of fraudulent acts in respect to Medicaid payments, and possible substandard medical care, are compelling government interests. The court also finds that the Government cannot obtain the same information it seeks in the subpoena at issue in this case through any other source. The court is further persuaded that the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11137(b) does not affect this case, as its pertinent provisions are not now in force.

Finally, the court finds unpersuasive Dr. Van Patten's argument that the Iowa peer review disclosure prohibitions contained in section 147.135.2 of the 1987 Code of Iowa prohibits disclosure. The supremacy clause of the United States Constitution supercedes state law in this area.

*See United States v. Peoples Bank of Biloxi*, 87–0403(M) (S.D.Miss. Feb. 28, 1989) (NASA entitled to documents pursuant to subpoena despite state law limiting disclosure). Dr. Van Patten cites *In re Hampers*, 651 F.2d 19 (1st Cir.1981), for the proposition that the documents should not be turned over. The *Biloxi* court cited *Hampers* for the proposition that state law "may not establish prerequisites to compliance with administrative subpoena issued by a federal agency in accordance with and pursuant to federal statutory law, as such is prohibited to article VI, clause 2 of the United States Constitution (the supremacy clause)." *Biloxi*, slip op. at 4.

*Hampers* is not on all fours with the proposition for which Dr. Van Patten cites it. *Hampers* involved a criminal case in which a grand jury issued a subpoena duces tecum upon the Commissioner for Revenue for the state of Massachusetts. The Commissioner refused to release the documents. The court held that the Commissioner did not have to turn over the documents based in part upon a state nondisclosure statute and in part upon the Federal Rules of Evidence 501. The court placed particular emphasis on the existence of alternative routes for obtaining this information. Similar alternative routes are not available to the Government in the case at bar. Further, the court dealt at length with the requirements upon a grand jury to possess reasonable cause to believe a crime has been committed. Finding that the grand jury lacked reasonable cause, the court ruled that the Commissioner did not have to turn over the documents in question. Such criminal requirements are not present in this matter, and the court in *Hampers* was careful to note that, generally, such state nondisclosure laws do not survive the supremacy clause challenge.

Therefore, because the court finds the Government's arguments and authorities are persuasive, it finds that St. Luke's shall immediately obey the subpoena which the Government has served upon it. Given the investigatory nature of the case at bar, however, the court deems a protective order appropriate. At the court's request, the parties have explored this issue with each other and have filed an agreement to a protective order.

Upon the foregoing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that St. Luke's Regional Medical Center shall immediately provide the Department of Health and Human Services with the subpoenaed documents in question referring to the personnel records of Dr. Merrill Van Patten.

IT IS FURTHER ORDERED that the Inspector General of the Department of Health and Human Services will not redisclose the records to any third party (including state agencies) without further order of this court. Dissemination of the information contained in the documents subpoenaed shall be disseminated within the Department of Human Services on a need-to-know basis. This order shall not be read to preclude the initiation of federal action by the Inspector General, or the Department of Justice, based upon the subpoenaed documents.