PER CURIAM.
Appellant sued appellee for invasion of privacy and libel based on appellee’s release of appellant’s medical records in the context of prior litigation between appellant and a third party. Appellant appeals from entry of summary final judgment for appellee on both counts.
The record clearly shows that appellee released appellant’s medical records pursuant to a subpoena and orders of the court in the prior litigation. Accordingly, appel-lee’s release of those records was absolutely privileged and he cannot be held liable therefor as a matter of law. See § 455.241(2), Fla.Stat. (1985); Restatement 2d Torts § 592A (1977); cf. Seidel v. Hill, 264 So.2d 81 (Fla. 4th DCA 1972) (Writing attributed to doctor published in quasi-judicial proceedings under Workmen’s Compensation Law held absolutely privileged).
Upon consideration, appellant’s remaining points are similarly without merit and the summary final judgment entered for appellee is therefore affirmed.
Affirmed.
The motion for rehearing is denied.
Footnote 1 of the motion for rehearing is treated as a suggestion for recusal of Judge Cope and under the procedure set forth in In re Estate of Carlton, 378 So.2d 1212, 1216 (Fla.1979), cert. denied, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980), is directed to Judge Cope for decision. Judge Cope has determined that the suggestion does not set forth a legal basis for recusal. See id. at 1219-20 & n. 1. The suggestion is therefore denied.