### In re GRAND JURY MATTER.

United States District Court,
S.D. Florida.

April 19, 1991.

**334**

Jeanne K. Damirgian, Asst. U.S. Atty., Senior Litigation Counsel, Miami, Fla., for plaintiff.

Francesca Small, Tallahassee, Fla., for Florida Dept. of Professional Regulation.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER AND MODIFICATION OF SUBPOENA

HOEVELER, District Judge.

THIS CAUSE IS before the court upon the Florida Department of Professional Regulation's Motion for Protective Order and Modification of Subpoena. The U.S. Attorney has subpoenaed certain records from the Florida Department of Professional Regulation ("the Department") concerning an ongoing grand jury investigation into suspected mail fraud by a local physician. As part of its subpoena, the Government has asked for records which, *inter alia,* provide names of the physician's patients who either have filed complaints with the Department or whose medical records have been used by the Department in its own investigations of the subject. The Department has complied with the subpoena except for withholding and redacting records which would reveal the names of the physician's patients. The Department claims Florida law prohibits it from releasing any records which would reveal a patient's name. The source of the Department's claim is found in Florida Statutes § 455.241(3) which provides:

All patient records obtained by the Department of Professional Regulation and any other documents identifying the pa-

tient by name shall be used solely for the purpose of the Department of Professional Regulation and the appropriate regulatory board in its investigation, prosecution, and appeal of disciplinary proceedings. The records shall be sealed and shall not be available to the public as part of the record of investigation for and prosecution in disciplinary proceedings made available to the public by the Department of Professional Regulation or the appropriate regulatory board.[1]

While, apparently, no Florida court has faced the issue now before this court, the Florida Attorney General has issued an opinion regarding a similar situation. As concerns requests by a law enforcement agency or other regulatory body seeking records from the Department which contain patient names, the Attorney General has said:

I am of the opinion that the Department of Professional Regulation is prohibited by § 455.241 ... from releasing patient records or other information identifying a patient by name obtained by the department during an investigation, to a law enforcement agency or other regulatory agency.

89 Op.Atty.Gen. 12 (March 1, 1989).

■ The Government first urges the court to find no conflict with its subpoena request and the Florida Statute, arguing that § 455.241 and the Attorney General's Opinion only prevent public disclosure or disclosure to a law enforcement or a regulatory agency, none of which applies to limit disclosure to a federal grand jury. Yet the language of the statute that "[a]ll patient records ... and ... other documents identifying the patient by name shall be used solely for the purpose of the Department ... and the appropriate regulatory board in its ... disciplinary proceedings" on its face prevents *any* external divulgence.

■ The court is faced, then, with a situation where "compliance with both federal and state [laws] is a physical impossibility,"

---

1. The Department has also cited Florida Statutes § 395.017(3)(e) which essentially mirrors

§ 455.241(3). The court's discussion herein of § 455.241(3) applies equally to § 395.017(3)(e).

*Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963), and where a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941). In such instances of conflict between federal and state law, the Supremacy Clause of the Constitution dictates that the "state law is nullified" and that the federal law is to be enforced. *Hillsborough County v. Automated Med. Labs.,* 471 U.S. 707, 713, 105 S.Ct. 2371, 2375, 85 L.Ed.2d 714, 721 (1985).

■ In other contexts where state non-disclosure statutes have threatened compliance with federal subpoenas, federal courts have routinely compelled compliance under the authority of the Supremacy Clause—though doing so violated the technical provisions of the state statute. The rationale underlying these cases is perhaps best summarized by the court in *In re Grand Jury Subpoena for N.Y. State Income Tax:*

> inasmuch as the federal grand jury is a product of the Fifth Amendment and its powers, a result of [a] long histor[ical development] and specific Congressional attention,[2] the conflict between state confidentiality provisions and Congressional or constitutional investigatory powers has resulted in enforcement of federal grand jury subpoenas despite state statutes which would otherwise prohibit compliance.

468 F.Supp. 575, 577 (N.D.N.Y.1979) (citing cases). *See U.S. v. Wettstein,* 733 F.Supp. 1212, 1214 (C.D.Ill.1990) (Illinois statutory psychologist-patient privilege preventing disclosure of patient names no bar to compliance with subpoena in light of Supremacy clause); *St. Luke's Regional Medical*

*Center, Inc. v. U.S.,* 717 F.Supp. 665, 666 (N.D.Iowa 1989) (same as to Iowa statute prohibiting disclosure of hospital peer review records); *In re Grand Jury Proceedings,* 445 F.Supp. 455, 457 (M.D.Ga.1977) (same as to Georgia statute potentially prohibiting disclosure of intercepted oral communications); *In re Grand Jury Subpoena for N.Y. State Income Tax,* 468 F.Supp. at 577 (same as to secrecy provisions of New York Tax Law); *In re Grand Jury Subpoena,* 688 F.Supp. 319, 320 (W.D.Tenn. 1988) (same as to Tennessee statute protecting bank records from disclosure).

In recognition of the comity required by our federalist system, the court, nonetheless, has considered the objectives underlying § 455.241(3) and, despite the conflict with the statute's language, does not perceive that compliance with a federal grand jury subpoena conflicts with the state's policies. The objectives of the grand jury investigation and the Department's investigations—rooting out fraudulent medical practices—are one and the same. The secrecy provided to patient-victims by the statute is equally guaranteed by the grand jury process. *Cf. In re Grand Jury Subpoena for N.Y. State Income Tax,* 468 F.Supp. at 577.[3] And presumably, any individual patient who had complained to the Department concerning their physician would be equally desirous of having the Federal Government investigate potential fraudulent acts.

■ The only remaining rationale for the Department's position is that compliance with the subpoena would be "unreasonable or oppressive" under Fed.R. Crim.P. 17(c). The Department has implicitly advanced this argument by stating that any individual violating § 455.241 would be subject to criminal penalty and dismissal.[4]

2. *See, e.g.,* 18 U.S.C. §§ 3332, 3333.

3. A similar level of privacy could not be insured were patient records provided for routine law enforcement investigations. *See* 89 Op.Atty. Gen. 12.

4. Florida Statutes § 455.232 provides in pertinent part:

(1) No officer, employee, or person under contract with the department ... shall convey knowledge or information to any person who is not lawfully entitled to such knowledge or information about any ... public record, which at the time such knowledge or information is conveyed is exempt from [disclosure by] the provisions of § 119.01 [of the Public Records laws].

(2) Any person who willfully violates any provision of this section is guilty of a misdemeanor of the first degree, punishable as provid-

**336**

The penalty provisions cited by the Department would not apply upon compliance with the instant subpoena however. Such a violation only occurs if the custodian releases information to a person "not lawfully entitled to such knowledge". By operation of this Order, the U.S. Attorney is lawfully entitled to the patient records at issue. Moreover, the penalties under § 445.232 only operate when a public official has willfully violated § 455.241. Because the official's compliance with the grand jury's subpoena is compelled by order of this court, there can be no willful violation of the statute. *Cf. Kleinschmidt v. Montes,* 551 So.2d 514 (3rd DCA 1989) (Where in action between patient and third party physician had released patient's medical record's pursuant to subpoena, physician's release was absolutely privileged under provisions of § 455.241(2) and did not invade patient's privacy rights).

The Department, having advanced no reason why the Supremacy Clause does not compel its compliance in this instance, and otherwise failing to show how compliance would be unreasonable or oppressive, it is hereby

ORDERED and ADJUDGED that the Florida Department of Professional Regulation's Motion for Protective Order and Modification of Subpoena is DENIED. The Department shall comply with the Government's subpoena as served.

DONE and ORDERED.

---

ed in § 775.082, § 775.083, or § 775.084, and shall be removed from office, employment, or the contractual relationship.

The Department has also cited similar provisions under the Public Records Law, Chapter 119 of Florida Statutes. That chapter, however, only provides penalties for a public official's failure to disclose non-privileged public records. *See* §§ 119.02, 119.10. Unlike Chapter 455, it does not provide for penalties for the improper disclosure of confidential records.