In the Matter of the APPLICATION OF the UNITED STATES of America FOR AN ORDER AUTHORIZING the JUDICIARY COMMISSION OF LOUISIANA TO RELEASE CERTAIN RECORDS TO THE GRAND JURY.

No. 96–775.

United States District Court,
E.D. Louisiana.

Sept. 6, 1996.

Michele A. Horn, U.S. Attorney's Office, New Orleans, LA, for plaintiff.

### ORDER AND REASONS

BERRIGAN, District Judge.

The United States has filed a Motion to Compel, requesting the Court to order the Louisiana Judiciary Commission ("Commission") to comply with a previously served federal grand jury subpoena for certain of the Commission's records. The Commission is resisting compliance on the basis that under Louisiana state law, the records are confidential. For the reasons stated below, the Motion to Compel is GRANTED.

On February 12, 1996, a federal grand jury subpoena in the Eastern District of Louisiana was issued to the Commission, calling for the production of certain records concerning a disciplinary investigation by the Commission. The subpoena documents, which are under seal, named the person under investigation and specified the nature of the disciplinary investigation. An assistant United States Attorney has also provided information to this Court, *in camera* and under seal, regarding the nature of the grand jury investigation and how the Commission's investigation is relevant to those proceedings.[1]

The Commission has declined to provide the requested documents on the basis that the records are confidential under Louisiana state law.

---

1. See *In re: 1980 United States Grand Jury Subpoena Duces Tecum,* 502 F.Supp. 576 (E.D.La. 1980).

The Louisiana Constitution created the Commission to handle allegations of misconduct involving state court judges. Art. V, § 25, 1974 La. Const. The Constitution delegated to the state supreme court rule-making authority to implement the section, including rules "providing for confidentiality and privilege of commission proceedings." *Ibid,* § 25(C). Under those rules:

All documents filed with, and evidence and proceedings before the judiciary commission are confidential. The commission may provide documents, evidence and information from proceedings to the bar committee on professional responsibility in appropriate cases when approved by this court, said information and material to remain confidential with the latter committee unless and until it files disciplinary proceedings in this court. The record filed by the commission with this court and proceedings before this court are not confidential. Rule XXIII, § 23(a), Supreme Court Rules.

Similarly, LSA–R.S. 44:10, the Louisiana Public Records law, specifically exempts from disclosure Commission investigations which do not result in disciplinary recommendations.

According to the Judiciary Commission, it has not recommended the discipline of the subject judge. Therefore, under Louisiana state statute and Louisiana supreme court rules, the information is to be kept confidential.

The United States argues that the Supremacy Clause of the U.S. Constitution requires compliance with the subpoena, state law notwithstanding.[2] The government cites the undisputed proposition that the investigative powers of a federal grand jury are very broad and expansive. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Branzburg v. Hayes,* 408 U.S. 665, 700, 92 S.Ct. 2646, 2666, 33 L.Ed.2d 626 (1972); *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The United States also declares that the Commission's privilege "does not exist at common law" and therefore "is not recognized by the federal courts."[3] The government goes on to state that when there is a "conflict between federal criminal enforcement and state created privilege concerns of federal criminal enforcement trump state privilege."[4]

The Commission responds that under Fed. R.Evid. 501, the federal court can recognize new privileges when appropriate.[5] It argues that the purposes of the state confidentiality rule warrant such recognition: (1) protection of the Commission members from outside pressure; (2) protection against perjury and subordination of perjury of witnesses; (3) protection of the reputation of innocent targets; (4) assurance of the confidentiality of witnesses; (5) protection of judges from public disclosure of unexamined or unwarranted complaints; (6) preservation of confidence in the integrity and independence of the judiciary by avoiding premature announcement of groundless claims of misconduct.[6] The Commission notes that under federal law there is a similar rule of confidentiality regarding disciplinary investigations of federal judges. 28 U.S.C. § 372(c).[7] Under that statute, the records can be released only under certain circumstances, none of which encompass a demand from a grand jury. The Commission also cites the 5th Circuit decision, *American Civil Liberties Union of Mississippi, Inc. v. Finch,* 638 F.2d 1336 (5th Cir.1981), which applied a case-by-case balancing test as to when a state privilege should be recognized.[8] Finally, the Commission cites *In Re: Hampers,* 651 F.2d 19 (5th Cir.1981), in which a federal grand jury sought taxpayer records maintained by the state department of revenue. In that case, the court required the

---

2. Memorandum in Support of Motion to Compel, Doc. # 1.

3. *Ibid,* p. 3.

4. *Ibid,* p. 4, citing *United States v. Gillock,* 445 U.S. 360, 100 S.Ct. 1185, 63 L.Ed.2d 454 (1980).

5. Memorandum in Opposition to Motion to Compel, Doc. # 3.

6. *Ibid,* pp. 5–6.

7. *Ibid,* pp. 4–5.

8. *Ibid,* p. 10.

grand jury to meet the same legal showing that would be required if it were seeking federal tax records.[9]

*Analysis*

■ While the Court concludes that the Judiciary Commission is required to disclose the information requested in this case, it does so on a different basis than that urged by the government. The Court finds nothing talismanic about the Supremacy Clause nor the overall broad authority of a federal grand jury to investigate crime that would justify a casual shunting aside of Louisiana's bona fide interest in the confidentiality of its records. Rather, this Court finds that Louisiana's legitimate interest in preserving the confidentiality of these particular records will not in fact be significantly impacted by disclosure to the grand jury of the information. The Court finds that the request of the federal grand jury and the purposes behind the state confidentiality provisions are not in fact incompatible in this case and therefore the records will be ordered disclosed.

The Commission is correct in that a federal court can and indeed should recognize new privileges when appropriate. This is provided for in Fed.R.Evid. 501:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress, or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state or political subdivision, thereof, shall be governed by the principals of common law as they may be interpreted by the courts of the United States in light of reason and experience . . .

The Commission proceedings are to remain confidential unless and until a decision is made that disciplinary action is warranted and a submission is made to the Louisiana supreme court. Similarly, the proceedings before a federal grand jury are confidential, with limited exceptions, and remain so even if an indictment is brought. Fed.R.Cr.Pro. 6(e). The same general arguments made by the Commission as to why the Commission

records should be held confidential are virtually the same reasons why grand jury proceedings are confidential—protect the members from outside pressure; protect against perjury and subordination of perjury of witnesses; protect the reputation of innocent targets; and assure the confidentiality of witnesses. *In re Grand Jury Investigation,* 610 F.2d 202 (5th Cir.1980); *United States v. Malatesta,* 583 F.2d 748 (5th Cir.1978), *modified on other grounds,* 590 F.2d 1379 (5th Cir.1978) (en banc), *cert. denied,* 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979). In fact, the federal grand jury proceedings provide even *more* guarantees of confidentiality than is promised by the Judiciary Commission. Under the Louisiana law, once a decision is made to recommend formal discipline of a judge, the Commission records are no longer confidential. On the other hand, even if a grand jury decides to indict a person, the records of the grand jury proceedings remain confidential, subject to limited disclosure, such as to the indicted defendant. Fed.R.Cr. Pro. 6(e)(3)(C)(ii); Fed.R.Cr.Pro. 26.2. Any records provided to the grand jury by Louisiana's Judiciary Commission would likewise be clothed in that confidentiality.

■ The Commission is correct that under 28 U.S.C. § 372(c), there is not an express provision allowing for disclosure of the records regarding misconduct by federal judges to a grand jury. It is significant to note however that the disclosures specifically authorized under that statute deal with either public disclosure after a decision has been reached to recommend sanctions *or* disclosure to the judge or magistrate who is the subject of the complaint. Again, unless and until a decision is reached by the grand jury to indict, there is no public disclosure of the proceedings, so the interests of confidentiality are preserved. Therefore, while Section 372(c) does not expressly provide for disclosure of those records to a grand jury, it does not offend the purpose of the confidentiality provisions of that statute either to so require.

---

9. *Ibid,* p. 9–10; see also *In re Grand Jury Subpoena,* 118 F.R.D. 558 (D.Vt.1987); *In re Cruz,* 561 F.Supp. 1042 (D.Conn.1983); *In re Grand Jury Empanelled January 21, 1981,* 535 F.Supp. 537 (D.N.J.1982).

The Commission also cites the 5th Circuit decision, *Finch, supra,* which applied a case-by-case balancing test as to when a state privilege should be recognized. This Court agrees that the balancing test of *Finch* is appropriate. The first consideration is whether Louisiana state courts would recognize the claimed privilege. While *Finch* noted the arguable distinction between records being declared confidential in a general sense and records declared subject to an evidentiary privilege,[10] we will assume as did the court in *Finch* that Louisiana courts would recognize the confidentiality provision as creating an evidentiary privilege. The next factor is whether the privilege is sufficiently compelling "in light of reason and experience" to be applied as a matter of common law.[11] The Court in *Finch* looked to the four-part test set forth in Wigmore, all of which must be met in order for a privilege to warrant privilege to warrant recognition.[12] For the reasons stated already, the Court finds that the confidentiality provided by the federal grand jury proceedings parallels if not extends beyond the confidentiality promised under Louisiana state law, so that the state privilege would not be violated if disclosure to the grand jury was made.

Finally, with respect to *Hampers, supra,* that case dealt with a federal grand jury seeking taxpayer records for nontax criminal investigations. In applying the *Finch* balancing test, the First Circuit noted that the confidentiality promised under the state tax laws was a critical factor in encouraging taxpayers to voluntarily comply with the tax laws. No such comparable compelling interest exists here—a person who files a complaint or testifies pursuant to a state Judiciary Commission investigation knows that the information may well be disclosed if judicial misconduct is found. It does not significantly alter the balance that the same information might be disclosed if the judge's misconduct also constituted an alleged criminal offense.

In light of the above and in consideration of the *in camera* showing by the United States establishing the relevancy of the information sought to specific ongoing criminal investigations,

IT IS ORDERED that the Motion to Compel Compliance with Grand Jury is GRANTED.

IT IS FURTHER ORDERED that this Order and Reasons will not be sealed, but that the remainder of the record will remain under seal.

10. 638 F.2d at 1342.

11. 638 F.2d at 1342–1343.

12. (1) The communications must originate in a confidence that they will not be disclosed; (2) this element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties; (3) the relation must be one which in the opinion of the community ought to be sedulously fostered and (4) the injury that would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposal of litigation. 638 F.2d at 1344.