## In re GRAND JURY SUBPOENA.

### No. A02–0008–MI (JKS).

United States District Court,
D. Alaska.

March 13, 2002.

---

## ORDER

HOLLAND, District Judge.

*Motion to Partially Quash Grand Jury Subpoena* [1]

The Employment Security Division of the Alaska Department of Labor moves to quash a federal grand jury subpoena which was duly served for the production of certain records in connection with a grand jury investigation. The subpoena directs Melvin Torgerson of the Employment Security Division to produce unemployment compensation records pertaining to "RRB".[2] The records are identified as RRB's applications for unemployment benefits, his statements of payments of unemployment benefits, and IRS Form 1099–G offsets. The Department does not object

---

1. Clerk's Docket No. 1.

2. Records pertaining to this person are so designated herein for privacy reasons.

to producing the IRS forms. It seeks to have the subpoena quashed as to the first and second category of documents set out above.

In support of its motion, the Department argues that RRB has an expectation of privacy with respect to the documents in question pursuant to AS 23.20.110(a). That statute provides in pertinent part:

> Except as provided in (h) and (i) of this section, the Department shall hold information obtained from an employing unit or individual in the course of administering this chapter and determinations as to the benefit rights of an individual confidential and may not disclose them or open them to public inspection in a manner that reveals the identity of the individual or employing unit.[3]

The Department correctly points out that the grand jury subpoena does not identify any purpose which meets or falls within an exception provided by the foregoing statute. On behalf of its employees, the Department suggests that one who discloses confidential information in a fashion not authorized by Section 110 may be guilty of a Class B misdemeanor under AS 23.20.115. Section 115 criminalizes disclosure or use of information contrary to the provisions of Section 110. On the basis of cases cited in its motion,[4] the Department suggests that this court must balance the State's interest in preserving confidentiality against the grand jury's interest in obtaining records. The Department also ar-

gues that it lacks discretion to deviate from the plain language of AS 23.20.110(a) without a court order. In this regard, the Department suggests that it has inadequate information to assess the grand jury's need for employment compensation applications, etc., as to RRB.

The Government opposes the motion to partially quash its grand jury subpoena. The Government argues that the Department's motion must be denied pursuant to the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2. It is the Government's position that the powers of the grand jury preempt state law with respect to the production of unemployment compensation records pursuant to a grand jury subpoena.

Clause 2 of Article VI of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The foregoing makes no mention of grand juries, much less grand jury subpoenas; however, the Fifth Amendment of the Constitution recognizes the power and function of federal grand juries, requiring

---

**3.** Subsections (h) and (i) of the statute are exceptions not here pertinent. Subsection 110(a) continues with other provisions for limited release of departmental information, which again are not here pertinent.

**4.** *In re Grand Jury Impaneled January 21, 1975,* 541 F.2d 373, 382 (3d Cir.1976); *In re Application of the United States for an Order Authorizing the Judiciary Commission of Louisiana to Release Certain Records,* 936 F.Supp. 357, 360 (E.D.La.1996); *In re Grand Jury*

*Subpoena,* 118 F.R.D. 558, 565 (D.Vt.1987); *In re Production of Records to the Grand Jury,* 618 F.Supp. 440 (D.Mass.1985). The Department has also cited *NLRB v. Adrian Belt Co.,* 578 F.2d 1304, 1309–11 (9th Cir.1978), and *Herman Bros. Pet Supply, Inc. v. NLRB,* 360 F.2d 176, 179–80 (6th Cir.1966). These cases address the National Labor Relations Board's discretion to deny enforcement of subpoenas and are inapposite to the matter before this court.

that persons may not be held accountable for serious offenses, "unless on a presentment or indictment of a Grand Jury...." U.S. Const. amend. V.

Grand juries perform a unique function in our criminal justice system. A grand jury is a body sworn to the responsibility of investigating and determining whether or not a crime has been committed. *United States v. R. Enterprises*, 498 U.S. 292, 297, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991). Unlike the court, "whose jurisdiction is predicated on a specific case or controversy, the grand jury 'can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *Id.* (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43, 70 S.Ct. 357, 94 L.Ed. 401 (1950)). The grand jury should "inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred." *Id.* Thus, "[a] grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.'" *Branzburg v. Hayes*, 408 U.S. 665, 701, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972) (quoting *United States v. Stone*, 429 F.2d 138, 140 (2d Cir.1970)).

Given the foregoing, a district court must exercise great deference and caution before injecting itself into a grand jury proceeding. *R. Enterprises*, 498 U.S. at 297–98, 111 S.Ct. 722. As the Ninth Circuit Court of Appeals has stated, "although the functions of the grand jury are intimately related to the functions of the court, the grand jury is not and should not be captive to the judiciary." *United States v. Armstrong*, 781 F.2d 700, 704 (9th Cir. 1986). This is not to say that the grand jury's investigative powers are unlimited. Indeed, they are not. *See, e.g., R. Enter-*

*prises*, 498 U.S. at 299, 111 S.Ct. 722. However, "the court's supervisory control of the grand jury is narrowly construed and should be exercised only when there is a clear basis in fact and law for doing so." *Armstrong*, 781 F.2d at 704.

The question then arises, is this a case where the court can or should properly intervene?

■ The Government argues persuasively that the grand jury's power to obtain information in aid of an investigation, being constitutionally based, requires that state confidentiality laws give way to the power of the grand jury pursuant to the Supremacy Clause of the Constitution. District courts all over the country have subscribed to the proposition that the Supremacy Clause gives federal grand jury investigative powers precedence over state confidentiality statutes. *In re Grand Jury Subpoena for New York State Income Tax*, 468 F.Supp. 575, 577 (N.D.N.Y.), *appeal dismissed*, 607 F.2d 566 (2d Cir.1979); *In re Grand Jury Matter*, 762 F.Supp. 333, 335 (S.D.Fla.1991); *In re Grand Jury Subpoena*, 688 F.Supp. 319, 320 (W.D.Tenn.1988); *St. Luke's Regional Medical Center, Inc. v. United States*, 717 F.Supp. 665, 666 (N.D.Iowa1989); *In re Grand Jury Proceedings*, 445 F.Supp. 455, 457 (M.D.Ga.1977). The rationale underlying the holdings in these cases is best stated by the court in *New York State Income Tax*:

> The Supreme Court has several times indicated that, by virtue of the supremacy clause, state legislation must yield whenever it comes into conflict with an Act of Congress or the superior authority of the Constitution.... Thus, inasmuch as the federal grand jury is a product of the Fifth Amendment and its powers, a result of its long history and specific Congressional attention,[5] the

---

5. Footnote in original text cites 18 U.S.C. §§ 3332, 3333.

conflict between state confidentiality provisions and Congressional or constitutional investigatory powers has resulted in enforcement of federal grand jury subpoenas despite state statutes which would otherwise prohibit compliance.

468 F.Supp. at 577 (citations omitted). Still further support for these holdings is found in a principle concisely stated by the Seventh Circuit Court of Appeals: "nothing in the United States Constitution immunizes any exclusive domain of the state from the reach of a federal grand jury...." *In re Special April 1977 Grand Jury,* 581 F.2d 589, 592 (7th Cir.1978) (internal quotations removed).

The Department argues that justice is best served if this court balances the State's interest against the Government's on a case-by-case basis in order to determine whether the Alaska statute at issue is obviated by the need of the grand jury to have access to the requested documents. Indeed, the court is aware of other courts which have applied various balancing tests on an *ad hoc* basis before issuing orders to compel testimony or production of documents before the grand jury. *See, e.g., In re Grand Jury Impaneled January 21, 1975,* 541 F.2d 373, 382 (3d Cir.1976); *In re Application of the United States for an Order Authorizing the Judiciary Commission of Louisiana to Release Certain Records,* 936 F.Supp. 357, 360 (E.D.La.1996); *In re Grand Jury Subpoena,* 118 F.R.D. 558, 565 (D.Vt.1987); *In re Production of Records to the Grand Jury,* 618 F.Supp. 440 (D.Mass.1985). However, the court is unpersuaded by the reasoning found in these cases.

■ Compliance with a grand jury subpoena will not subvert the State's interest in safeguarding individual privacy primarily because federal grand jury proceedings are conducted in secret. *See In re Grand Jury Subpoena for New York State Income Tax,* 468 F.Supp. at 577. The secre-

cy of the grand jury proceedings is protected by the court's contempt power. Fed.R.Crim.P. 6(e)(2). Moreover, the Department's interest in preserving the confidentiality of its records is more than outweighed by the necessity of thorough and complete grand jury investigations into federal crimes. Because grand jury proceedings are secret, compliance with the grand jury subpoena will by and large not defeat the purposes of AS 23.20.110(a), whereas noncompliance with a federal grand jury subpoena would essentially undermine the grand jury process and the Fifth Amendment. *See also In re Grand Jury Subpoena for New York State Income Tax,* 468 F.Supp. at 577. While the foregoing generic balancing of interests is appropriate (and favors the Government), case-by-case balancing is inappropriate. Case-by-case balancing of interests interjects the court and the parties into the federal grand jury's investigative prerogatives. Inquiry into why the grand jury seeks RRB's records will lead to further inquiry into who is being investigated for what offense. None of the foregoing is the business of the Department or this court. *See R. Enterprises* and *Armstrong, supra.*

■ The Department also argues that its personnel might be prosecuted criminally under AS 23.20.115 for disclosing information in violation of AS 23.20.110. There is no basis for this concern. The Department's argument in this regard is the same as that made in *Memorial Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1063–64 (7th Cir.1981). In *McHenry County,* the Seventh Circuit rejected the notion that compliance with a federal grand jury subpoena, despite a conflicting state law provision, left a records custodian on the horns of an insoluble dilemma. *Id.* at 1063. The court reasoned that any such dilemma was "illusory" because the state statute precluding disclosure was

rendered void and of no effect by the Supremacy Clause, and thus any possible state prosecution based on the voided law would be barred. *Id.* (citing *In re Grand Jury Subpoena,* 596 F.2d 630, 632 (4th Cir.1979)). Applying the logic found in *McHenry County,* to the extent that AS 23.20.110 proscribes the release of evidence relevant to a federal criminal investigation, it is rendered void and of no effect by the Supremacy Clause, thereby barring any possible state prosecution of the Department based on that law.

In sum, this court concludes that records custodians of the Alaska Department of Labor, Employment Security Division, do not have the power or discretion to ignore a federal grand jury subpoena. Such officials have no right to insist upon a separate court order for enforcement of a federal grand jury subpoena as a condition of producing records because the state confidentiality statute, AS 23.20.110, is trumped by a federal grand jury subpoena as a consequence of the Supremacy Clause of the United States Constitution. Implicit in the foregoing is the fact that AS 23.20.115, which criminalizes disclosure of information contrary to the provisions of AS 23.20.110, must also give way where Department of Labor personnel have disclosed information contrary to AS 23.20.110 but pursuant to a federal grand jury subpoena. Thus, the Supremacy Clause protects state employees from prosecution for honoring federal grand jury subpoenas. There is no conflict of obligations on the part of the Department. Its primary obligation when confronted with a federal grand jury subpoena is to honor that subpoena, despite the other provisions of state law.

The motion to partially quash grand jury subpoena is denied.

Although the court doubts that the issue here raised has been brought to the court by a motion to quash each time a state agency is confronted with a federal grand jury subpoena, the court has periodically over the years received motions such as that here decided. Moreover, if recollection is correct, the court has occasionally received an informal request for an order signed by a judge in place of a subpoena in order to secure records for the grand jury. In those instances, the court has merely provided the order without issuing its opinion on the matter since there was no apparent controversy. In this instance, the Government expressly requests that the court deal with the matter in a fashion which will obviate this type of litigation in the future, and the court deems the Government's request to be well taken. It is not necessary for the Government to obtain a court order nor for the State to devote its limited resources to litigating grand jury subpoenas when there is, as discussed above, no basis for doing so when reliance is solely upon the provisions of state law.

In consideration of the foregoing, the United States Attorney will please arrange to have this decision published, and the State's attorney will please direct a copy of this order to the Attorney General for the State of Alaska with the request that he either give instructions that this order be honored by state attorneys confronted with federal grand jury subpoenas or, in the alternative, that the attorney general take an appeal to the Ninth Circuit Court to the end that this matter may be put to rest.