**In re: GRAND JURY PROCEEDINGS.**

**Grand Jury No. 08–4.**

**Cause No. A–09–CR–072–LY.**

United States District Court,
W.D. Texas,
Austin Division.

April 10, 2009.

Richard J. Reynolds, III, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, TX, for John Doe.

Anthony Brown and Ashley Hoff, Assistant United States Attorneys, Austin, TX, for Defendant United States.

John Hohengarten, Assistant Attorney General, Austin, TX, for Texas State Board of Public Accountancy.

### ORDER

LEE YEAKEL, District Judge.

Before the Court in the above styled and numbered cause are John Doe, C.P.A.'s Motion To Quash Subpoena Duces Tecum and Motion For Protective Order (Clerk's Document No. 2),[1] the United States Government's amended response filed February 25, 2009 (Clerk's Document No. 4) and the State of Texas's letter brief, submitted on behalf of the Texas State Board of Public Accountancy ("Board") filed March 11, 2009 (Clerk's Document No. 7). Doe was served on January 14, 2009, with a subpoena duces tecum issued by a federal grand jury in the course of an ongoing criminal investigation that directs Doe to appear and testify before the grand jury on February 17, 2009, at 9:30 a.m., and provide the grand jury certain listed documents relative to Doe's client or former client. Doe contends that under Texas law, compliance with the subpoena could subject him to civil actions by or on behalf of a former client, as well as disciplinary actions by the Board, absent a court order signed by a judge that directs or compels Doe to produce the requested information.[2] *See* Tex. Occ.Code Ann. § 901.457 (West 2004); 34 Tex. Reg. 428 (2009) (to be codified as amendment to 22 Tex. Admin. Code § 501.75, effective January 28, 2009) (Tex. Bd. of Pub. Accountancy, Confidential Client Communications) (together referred to as the "Texas provisions"). Doe requests the Court quash the subpoena and render a protective order that Doe not be required to comply with the federal grand jury's subpoena.

The Government responds that a federal grand jury possesses broad investigatory powers with which to inquire into violations of federal law based on the Fifth Amendment to the United States Constitution, and, thus, the Texas provisions are preempted by the Supremacy Clause of the Constitution.[3] The Government contends, with regard to the federal grand jury's subpoena to Doe, the Texas provi-

---

1. Although the federal grand jury subpoena at issue refers to the Texas certified public accountant by name, because the federal grand jury's investigation is ongoing, the Court refers to the subpoenaed accountant as "John Doe". Doe made an oral motion to quash the subpoena and for a protective order on the record in open court on February 17, 2009, and filed a written motion on February 18, 2009.

2. Doe contends that turning over the documents absent a court order would expose him to civil or disciplinary actions. *See* Tex. Occ. Code Ann. §§ 901.501–.511 (West 2004).

3. "This Constitution and the Laws of the United States ... shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *U.S. Const. art. VI, cl. 2.*

sions are unenforceable. The Government requests that the Court deny Doe's motion and enforce the subpoena by extending the original response date of February 17, 2009, 9:30 a.m. to a date and time in the future that allows for Doe's full compliance.

By its letter brief, the Board agrees with the Government that the Supremacy Clause gives a federal grand jury's investigative powers precedence over and preempts the Texas provisions. The Board also agrees with the Government's position that due to federal preemption of the Texas provisions, a court order is unnecessary for the enforcement of a federal grand jury subpoena issued to a Texas public accountant that requires the accountant to provide the grand jury with documents regarding his client. Having considered the motion, response, the letter brief on behalf of the Board, and the applicable law, the Court will deny Doe's motion and enforce the subpoena.

### Texas law

Doe's motion to quash and for protective order is based on two Texas confidentiality provisions. First, is Texas Occupations Code Section 901.457:

> (a) A license holder ... may not voluntarily disclose information communicated to the license holder ... by a client in connection with services provided to the client by the license holder ... except with the permission of the client or the client's representative.
>
> (b) This section does not prohibit a license holder from disclosing information that is required to be disclosed:
>
>> (1) by the professional standards for reporting on the examination of a financial statement;
>>
>> (2) under a summons under the provisions of the Internal Revenue Code of 1986 and its subsequent amendments, the Securities Act of 1933 (15 U.S.C. Section 77a *et seq.*) and its subse-

quent amendments, or the Securities Exchange Act of 1934 (15 U.S.C. Section 78a *et seq.*) and its subsequent amendments or under a court order if the summons or order:

>> (A) is addressed to the license holder;
>>
>> (B) mentions the client by name; and
>>
>> (C) requests specific information concerning the client;
>
>> (3) in an investigation or proceeding conducted by the board;
>>
>> (4) in an ethical investigation conducted by a professional organization of certified public accountants; or
>>
>> (5) in the course of a peer review under Section 901.159.

*See* Tex. Occ.Code. Ann. § 901.457. Second, is the Board's recently effective amendment to Rule of Professional Conduct, Section 501.75:

> Except by permission of the client or the authorized representatives of the client, a person ... shall not voluntarily disclose information communicated to him by the client relating to, and in connection with, professional accounting services or professional accounting work rendered to the client by the person. Such information shall be deemed confidential. However, nothing herein shall be construed as ... prohibiting disclosures pursuant to a *court order signed by a judge,* in investigations or proceedings under the Act, in ethical investigations conducted by private professional organizations, or in the course of peer reviews.

34 Tex. Reg. 428 (2009) (to be codified as amendment to 22 Tex. Admin. Code § 501.75, effective January 28, 2009) (emphasis added). Section 901.457 identifies the only exceptions wherein a court order allowing release of client records is not

required—actions under authority of the Internal Revenue Code, the Federal Securities Act of 1933, and the Exchange Act of 1934. The federal criminal-grand-jury process is not excepted. The Board's recent amendment to Section 501.75 further clarifies that Texas public accountants may only release client records to other parties without their client's consent when a judge orders the records released.

### Federal law

■ The Supremacy Clause ensures that "the activities of the Federal Government are free from regulation by any state." *Hancock v. Train*, 426 U.S. 167, 178, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). "Where enforcement of ... state law would handicap efforts to carry out the plans of the United States, the state enactment must give way." *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 103–04, 60 S.Ct. 431, 84 L.Ed. 596 (1940). Consequently, "[t]here can be no dispute that the Supremacy Clause invalidates all state laws that conflict or interfere with an Act of Congress." *Rose v. Arkansas State Police*, 479 U.S. 1, 4, 107 S.Ct. 334, 93 L.Ed.2d 183 (1986).

■ Preemption of state law by federal law may occur either when compliance with both the federal and state laws is an impossibility, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Barnett Bank v. Nelson*, 517 U.S. 25, 31, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996).

■ Federal grand juries are afforded wide latitude in conducting investigations. *See United States v. R. Enters., Inc.*, 498 U.S. 292, 297–98, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991); *United States v.*

*Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). In accordance with its broad mandate to investigate possible criminal activity, a federal grand jury has few limitations placed on its subpoena powers. *R. Enters.*, 498 U.S. at 297–98, 111 S.Ct. 722. "A grand jury 'may compel the production of evidence or the testimony of witnesses as it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials.'" *Id.* (quoting *Calandra*, 414 U.S. at 343, 94 S.Ct. 613). The only restrictions that have been placed upon the federal grand jury concern reasonableness and federally-recognized privileges. Grand jury subpoenas are presumed to be reasonable and the party seeking to quash the subpoena bears the burden of showing that compliance would be unreasonable or oppressive.[4] *R. Enters.*, 498 U.S. at 300–02, 111 S.Ct. 722.

Although lacking is Fifth Circuit authority addressing federal preemption of the Texas provisions at issue, courts in other circuits have rejected claims from state officials that compliance with a federal-grand-jury subpoena would mean that they would violate state confidentiality laws or that a separate court order is necessary for enforcement of a subpoena. *See In re Grand Jury Subpoena*, 198 F.Supp.2d 1113 (D.Alaska 2002) (requesting unemployment compensation records pertaining to named individual from Alaska Department of Labor, Employment Security Division); *In re Grand Jury Matter*, 762 F.Supp. 333, 335 (S.D.Fla.1991) (requesting records from Florida Department of Professional Regulation that provide names of physician's patients who either filed complaints with or whose records

---

4. Here, Doe raises no complaint that the subpoena is unreasonable, oppressive, or overly burdensome. Nevertheless, the Court finds that the subpoena duces tecum, which requests that Doe produce specific material related to one named client, is not unreasonable, oppressive, or overly burdensome.

were used by the department in its investigations); *St. Luke's Reg'l Med. Ctr., Inc. v. United States*, 717 F.Supp. 665, 666 (N.D.Iowa 1989) (requesting from hospital named doctor's medical records); *In re Grand Jury Subpoena*, 688 F.Supp. 319, 320 (W.D.Tenn.1988) (requesting from bank certain financial records maintained by the bank in regular course of business); *In re Grand Jury Subpoena for N.Y. State Income Tax*, 468 F.Supp. 575, 577 (N.D.N.Y.1979) (requesting certain tax returns from New York Department of Taxation); *In re Grand Jury Proceedings*, 445 F.Supp. 455, 457 (M.D.Ga.1977) (requesting specified records relating to interception of wire or oral communications involving named individual and listed telephone numbers). As several federal district courts have noted, the rationale underlying these cases is well summarized in *In re Grand Jury Subpoena for New York State Income Tax*:

> The Supreme Court has several times indicated that, by virtue of the supremacy clause, state legislation must yield whenever it come in conflict with an Act of Congress or the superior authority of the Constitution.... Thus, inasmuch as the federal grand jury is a product of the Fifth Amendment and its powers, a result of its long history and specific Congressional attention,[5] the conflict between state confidentiality provisions and Congressional or constitutional investigatory powers has resulted in enforcement of federal grand jury subpoenas despite state statutes which would otherwise prohibit compliance.

468 F.Supp. at 577 (citations omitted).

▮▮▮▮ The Court finds the reasoning of its sister district courts persuasive. With regard to Doe's federal-grand-jury subpoena, the Court holds that, as a consequence of the Supremacy Clause of the United States Constitution, the Texas provisions are preempted and must give way to the federal grand jury's investigative powers. The Texas provisions are, therefore, unenforceable as to a federal-grand-jury subpoena. Further, the Court holds that the Supremacy Clause protects Doe from civil actions or Board disciplinary action pursuant to the Texas provisions for Doe's honoring the federal-grand-jury subpoena. *See In re Grand Jury Subpoena*, 198 F.Supp.2d at 1117. Further the Court concludes that it is unnecessary for the Government to obtain a court order with regard to federal-grand-jury subpoenas to Texas public accountants, when a Texas public accountant's reliance is solely upon the Texas provisions. *See id.*

**THE COURT THEREFORE DECLARES AND ORDERS** that Texas Occupations Code Section 901.457 is preempted by the Supremacy Clause and is unenforceable against a holder of a license issued by the Texas State Board of Public Accountancy who receives a federal-grand-jury subpoena.

**IT IS FURTHER DECLARED AND ORDERED** that Rule of Professional Conduct, Section 501.75 is preempted by the Supremacy Clause and is unenforceable against a holder of a license issued by the Texas State Board of Public Accountancy who complies with a federal-grand-jury subpoena.

**IT IS FURTHER ORDERED** that John Doe, C.P.A.'s Motion To Quash Subpoena Duces Tecum and Motion For Protective Order (Clerk's Document No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the federal-grand-jury subpoena issued by Grand Jury No. 08–4 to John Doe, C.P.A., on January 8, 2009, which was personally

---

**5.** Footnote in original text, citing 18 United States Code sections 3332 and 3333, which address federal-grand-jury powers, duties, and reports.

served on Doe on January 14, 2009, is extended to **April 21, 2009, at 9:30 a.m.,** a date and time in the future that allows for full compliance by Doe.